# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

IVAN G. RICE,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 05-187C

Senior Judge James F. Merow

## JOINT PRELIMINARY STATUS REPORT

Counsel for plaintiff and defendant have conferred and join in timely filing this Joint Preliminary Status Report which answers the questions 4(a) through 4(l), 5 and 6 as required by paragraphs 4, 5 and 6 of Appendix A, Rules of the Court of Federal Claims (RCFC), as set forth below. Where agreement has been reached, our joint views are provided. On some items, however, agreement was not reached and, for those items, the separate views of the parties are provided.

**I. As to the questions (a) to (l) of paragraph 4, the parties state the following:**

*4(a). Does the court have jurisdiction over the action?*

This action concerns plaintiff's claims against the defendant for the alleged unauthorized use or manufacture of a patented invention. Plaintiff's First Amended Complaint contains a first count entitled "Unauthorized Use or Manufacture" and a second count entitled "Fifth Amendment Taking." The parties agree that the Court has jurisdiction over the first count pursuant to 28 U.S.C. Section 1498(a). However, the parties disagree with regard to the jurisdiction over the second count as noted below.

Plaintiff's Position:

Plaintiff asserts that the Court has jurisdiction over the second count pursuant to 28 U.S.C. Section 1491. According to this Court's decision in *Zoltek Corp. v. United States*, 51 Fed. Cl. 829 (2002), this Court has jurisdiction under 28 U.S.C. Section 1491.

Defendant's Position:

Defendant asserts that the Court lacks jurisdiction for the second count under the Tucker Act, 28 U.S.C. Section 1491, alleging a Fifth Amendment taking arising from direct and induced patent infringement and that the exclusive remedy for patent infringement by or for the United States is provided by 28 U.S.C. Sections 1498(a) and 1498(c). Defendant notes that the issue of whether this Court has jurisdiction under the Tucker Act over patent infringement allegations is currently pending before the United States Court of Appeals for the Federal Circuit in the case *Zoltek Corp. v. United States*, Nos. 04-5100 and 04-5102.

*4(b). Should the case be consolidated with any other case and the reasons therefor?*

No.

*4(c). Should trial of liability and damages be bifurcated and the reasons therefor?*

The parties agree that trial of issues of liability and damage issues need not be bifurcated.

*4(d). Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?*

No.

*4(e). In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?*

No. No basis for a remand or suspension is currently known by the parties.

*4(f). Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?*

At this time, the parties do not anticipate joining any additional parties.

*4(g). Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?*

The parties note that as the case develops, motions for summary judgement under RCFC 56 may become appropriate for some issues.

Plaintiff's Position:

At this time, plaintiff does not anticipate filing any motions pursuant to RCFC 12(b), 12(c) or 56.

Defendant's Position:

Defendant does not currently plan to file a motion pursuant to RCFC 12(b). After the Federal Circuit renders a decision in *Zoltek Corp. v. United States*, defendant may file a motion under RCFC 12(c) or 56 to dismiss plaintiff's second count concerning an alleged Fifth Amendment taking.

*4(h). What are the relevant factual and legal issues?*

The parties agree that the basic relevant liability issues are invalidity of United States Patent Reexamination Certificate No. B1 4,896,499 (the reexamined '499 patent), whether a patented invention covered by Claim 1 (the only asserted claim of the reexamined '499 patent) was used or manufactured by or for the government without license or lawful right, and whether the Court has jurisdiction under the Tucker Act, 28 U.S.C. Section 1491, over plaintiff's allegations of patent infringement asserted in the second count of the Amended Complaint. Invalidity sub-issues include whether Claim 1 is anticipated by prior art and is therefore invalid under 35 U.S.C. Section102,

whether Claim 1 would have been obvious to one of ordinary skill in the art and, thus, invalid under 35 U.S.C. Section 103, whether both the specification and Claim 1 comply with the requirements of 35 U.S.C. Section 112, and whether Claim 1 is invalid under the doctrine of obviousness-type double patenting. Assuming *arguendo* that the United States is found liable, damages sub-issues include a determination of the proper measure of the reasonable and entire compensation to be awarded for such liability, and the quantum of that compensation. The threshold issue applicable to all of the above is the proper construction of the asserted Claim 1.

*4(i). What is the likelihood of settlement? Is alternative dispute resolution contemplated?*

It is too early in the litigation to determine whether settlement is possible. As discovery proceeds, and evidence is developed, the parties will be better able to assess the likelihood of settlement. Alternative dispute resolution is not contemplated.

*4(j). Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefor?*

The parties anticipate proceeding to trial and agree that, if the case proceeds to trial, the appropriate place for trial is Washington, D.C., at a time to be set by the Court. The parties do not request an expedited trial schedule and agree that the conditions for expedited trial scheduling are not present in this case.

*4(k). Are there special issues regarding electronic case management needs?*

Defendant has moved for entry of a Protective Order governing the use of proprietary and restricted information in this case.[1] Plaintiff opposes "Defendant's Motion for Entry of a Protective

[1]Defendant's Motion for Entry of a Protective Order with its attached Exhibits A, B, C, D, E, F, and G, was electronically filed by defendant's counsel on July 7, 2005, and is currently pending.

Order" and requests that the plaintiff, Ivan G. Rice, be included under the protective order. If and when a protective order is entered, the parties request that the Court also enter an order authorizing the electronic filing under seal of documents designated as containing Protected Information. *See* Court of Federal Claims General Order 42A, ¶ 7.

The parties also contemplate using the Court's electronic presentation equipment during trial and, perhaps, during various hearings.

*4(l). Is there other information of which the court should be aware at this time?*

Plaintiff's Position:

No.

Defendant's Position:

As noted above in section *4(k)*, defendant has moved for the entry of a protective order governing the discovery and use of proprietary and restricted information. Because much of the information pertaining to the accused gas turbine engine system is either proprietary or restricted, a protective order is necessary in order for discovery to proceed. Defendant objects to the disclosure of proprietary or restricted information until a protective order is in place.

**II. As to paragraph 5 of RCFC Appendix A, the parties state the following:**

The parties agree that discovery is required in this case.

Responsive to the Court's Order filed June 13, 2005, the parties also agree that procedures of paragraphs 8, 9, 10, 11 and 12 of the Chief Judge Damich's "Special Procedures for Cases Under 28 U.S.C. § 1498(a)" (revised April 4, 2005) (hereinafter "the Special Procedures Order" or "SPO") should be employed in this case and have agreed upon a schedule for the agreed upon procedures, all as set forth below. The parties further request that paragraph 10(c) of the Special Procedures

Order be deemed as modified to incorporate all of the further expert disclosures required by RCFC 26(a)(2). The parties note, for example, that RCFC 26 requires the disclosure of the data or other information considered by the witness in forming the opinions.

The parties contemplate that, from time to time, plaintiff may seek to present the testimony of plaintiff, Ivan G. Rice, at hearings or trial sessions as evidence under any of Rules 702, 703 or 705 of the Federal Rules of Evidence. Defendant requests that, as a condition precedent to such a presentation at any hearing or trial session, the plaintiff be ordered to disclose to defendant as scheduled below all of the information required by RCFC 26(a)(2) and Special Procedures Order paragraph 10(c), including every expert report(s), and make Mr. Rice available for deposition prior to presentation of such testimony.

The parties have agreed upon the following proposed discovery plan as incorporating by reference the indicated provisions of paragraphs 8, 9, 10, 11, and 12 of the Special Procedures Order of Chief Judge Damich for Patent Cases as Revised April 4, 2005 (the SPO). The plan includes both a schedule of the dates proposed for compliance with the noted provisions of the SPO and a schedule for the dates proposed for completing fact discovery, for disclosing expert reports, and for depositions and other discovery of experts.

1. Plaintiff's Initial Disclosure of Asserted Claims pursuant to SPO ¶ 8(a) including all information required by SPO ¶ 8(b) and the Accompanying Document Production pursuant to SPO ¶¶ 8(a) and 8(c) are due November 14, 2005.

2. Defendant's Initial Disclosure of Prior Art pursuant to SPO ¶8(d) including all information required by SPO ¶8(e) and the Accompanying Document Production pursuant to SPO ¶¶ 8(d) and 8(f) are due November 29, 2005.

3. Plaintiff's Claim Chart pursuant to and including the information required by SPO ¶ 9(a) is due February 7, 2006.

4. Plaintiff's Proposed Claim Construction Statement pursuant to SPO ¶ 11(a) is due February 7, 2006.

5. Report(s) of Plaintiff's Claim Construction Expert(s) pursuant to SPO ¶ 11(a) (v) and further including the information required by RCFC 26(a)(2) and by SPO ¶¶ 10 (c) and 11(a)(v) is due February 7, 2006.

6. Deposition(s) of Plaintiff's Claim Construction Expert(s) pursuant to SPO ¶ 11(a)(v) are to be completed on or before April 10, 2006.

7. Defendant's Response Chart pursuant to and including the information required by SPO ¶ 9(b) is due April 10, 2006.

8. Defendant's Response to Plaintiffs Proposed Claim Construction Statement pursuant to SPO ¶ 11(b) is due April 10, 2006.

9. Report(s) of Defendant's Claim Construction Expert(s) pursuant to SPO ¶ 11(b)(v) and further including the information required by RCFC 26(a)(2) and by SPO ¶¶ 10( c) and 11(b)(v) is due April 10, 2006.

10. Production of documents by both parties concerning all issues is to be completed on or before April 17, 2006.

11. The parties are to meet and confer to prepare a Joint Claim Construction Statement pursuant to SPO ¶ 12(a) on or before May 1, 2006.

12. Depositions of Defendant's Claim Construction Expert(s) pursuant to SPO ¶ 11(b)(v) are to be completed on or before May 16, 2006.

13. The parties are to prepare and file with the Court a Joint Claim Construction Statement pursuant to SPO ¶ 12(b) on or before May 16, 2006.

14. Plaintiff's Opening Brief on Claim Construction and Provision of Plaintiff's Supporting Evidence pursuant to SPO ¶ 12(d)(i) are due June 12, 2006 (proposed in view of a suggested Markman Hearing Date of July 17, 2006).

15. Defendant's Responsive Brief on Claim Construction and Provision of Defendant's Supporting Evidence pursuant to SPO ¶ 12(d)(ii) are due June 26, 2006 (proposed in view of a suggested Markman Hearing Date of July 17, 2006).

16. Plaintiff's Reply Brief on Claim Construction and Provision of Rebuttal Evidence pursuant to SPO ¶ 12(d)(iii) are due July 3, 2006 (proposed in view of a suggested Markman Hearing Date of July 17, 2006).

17. The parties respectfully suggest that the Court set a date for the Markman Hearing for claim construction issues pursuant to SPO ¶ 12 (c) on or about July 17, 2006.

18. The parties are to complete the depositions of fact witnesses concerning all issues on or before October 27, 2006.

19. The parties are to complete fact discovery on all issues on or before November 3, 2006.

20. The parties are to serve on each other Expert Reports of All Trial Experts on All Issues and Provision of Information Required for Trial Experts pursuant to RCFC 26(a)(2) and SPO ¶10(c) on or before December 20, 2006.

21. The parties are to serve on each other Rebuttal Reports of All Trial Experts on All Issues and Provision of Information Required for Rebuttal Trial Experts (not previously provided) pursuant to RCFC 26(a)(2) and SPO ¶10(c) on or before January 26, 2007.

22. Depositions of all Trial Experts on all issues shall be completed on or before February 23, 2007.

23. Discovery for all issues by all parties shall be completed on or before March 2, 2007.

**III. As to paragraph 6 of RCFC Appendix A, the parties state the following:**

A dispositive motion addressing all issues has not been filed on or prior to the date of this Joint Preliminary Status Report.

**IV. Conclusion**

The parties believe that the foregoing report complies with the requirements of RCFC Appendix A, paragraphs 4, 5 and 6.

Respectfully submitted,

July 22, 2005

DOUGLAS H. ELLIOTT, ESQUIRE
Moser, Patterson, & Sheridan, LLP
3040 Post Oak Boulevard, Suite 1500
Houston, Texas 77056
Phone: (713) 623-4844
Facsimile: (713) 623-4846

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

July 25, 2005

/sB. Frederick Buchan, Jr.
B. FREDERICK BUCHAN, JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Phone: (202) 307-0335
Facsimile: (202) 307-0345

Attorneys for Defendant

OF COUNSEL:
KEN B. BARRETT
Attorney
Department of Justice