# EXHIBIT A

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IVAN G. RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-187C |
| v. | ) | |
| | ) | Senior Judge James F. Merow |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

This Protective Order is entered pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC") for protecting Restricted Information and Proprietary Information, which are collectively defined below as Protected Information. This Protective Order shall apply to all Protected Information previously provided by the parties or Supplying Owners in the prior action, *Ivan G. Rice v. United States*, Court of Federal Claims No. 97-246 C.

This Protective Order does not specify the procedures under which access to classified information is to be determined. Access to classified information is to be determined in accordance with existing national security laws and regulations. However, access to classified information containing Proprietary Information may not be denied to any Qualified Person (as defined herein) who is otherwise authorized under the applicable national security laws and regulations to receive such classified information.

Accordingly,

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of further proceedings in this action.

## Definitions and Comments

A. The term "party" shall mean, individually or collectively, Ivan G. Rice ("Rice") and the Government, and any other entity who appears in this lawsuit as a third party.

B. The term "Owner" is a person or entity who is not a party and owns or possesses Restricted Information or Proprietary Information that is relevant to the subject matter of this litigation or is reasonably calculated to lead to the discovery of admissible evidence. The term "Supplying Owner" is an Owner whose Protected Information is within the possession or control of a party.

C. The term "document" includes documents as defined in RCFC 34(a) and shall mean, without limitation, any document, originals and copies, and is used in a comprehensive sense to include the following items, whether printed, recorded, microfilmed, electronically stored, electro-optically stored, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged, confidential or personal: letters; memoranda; reports; records; agreements; working papers; communications (including intradepartmental communications); correspondence; summaries or records of personal conversations; diaries; forecasts; statistical statements; graphs; laboratory or research reports and notebooks; charts; plans; blueprints; drawings; photographs; computer software, programs and printouts; minutes or records of meetings; minutes or records of conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports or summaries of interviews; reports or summaries of investigations; opinions or reports of consultants; patent appraisals; opinions of counsel; reports or summaries of either negotiations or preparations for such; brochures; pamphlets; advertisements; circulars; press releases; drafts of any documents; books; instruments; accounts; purchase orders; bills of sale; invoices; tapes, computer discs and all other materials of any tangible medium of expression; original or preliminary notes and

any compilations, listings, summaries, or computer printouts of any of the above. Any comment or notation, appearing on any document, and not a part of the original text, is to be considered a separate "document." Documents shall also include statements, exhibits, legal briefs and memoranda filed with this Court.

D. The term "communication" shall mean any exchange of information other than in writing, including, without limitation, telephone conversations, oral conversations and meetings.

E. The term "thing" shall mean, without limitation, any tangible thing containing or exhibiting any information or communication or having the ability to convey or exhibit the same through any medium whatsoever.

F. The term "Restricted Information" shall mean information, in whatever form, that is unclassified technical data with military or space application in the possession of, or under the control of, a Department of Defense (DoD) Component, and so designated, and which may not be disclosed pursuant to 10 U.S.C. § 130 and/or DoD Directive No. 5230.25, dated November 6, 1984, entitled "Withholding of Unclassified Technical Data From Public Disclosure" as changed August 18, 1995. The term "Restricted Information" includes, but is not limited to, information relating to equipment cataloged in the Militarily Critical Technologies List, or information categorized as "FOR OFFICIAL USE ONLY (FOUO)," or information that may not be exported lawfully without approval, or authorization or license. *See* 22 U.S.C. §§ 2751-2799; 50 U.S.C. App. §§ 2401-2420.

G. The term "Proprietary Information" shall mean information, in whatever form, produced by a party or Supplying Owner that contains trade secrets, technical know-how, other business data or any other information which, at the time the information is requested, is maintained in confidence or in which the party or Supplying Owner maintains a proprietary interest. For

example, documents already marked with a suitable proprietary information legend by a Supplying Owner. The parties and the Supplying Owners shall act in good faith in designating information as "Proprietary Information."

H. The term "Protected Information" shall mean Restricted Information or Proprietary Information, or any combination thereof.

I. The term "Qualified Person" shall mean any one of the following:

(1) the attorney of record and other outside attorneys for Rice, their legal assistants and support staff members;

(2) the plaintiff, Rice;

(3) the attorney of record for the Government and other attorneys of the Department of Justice, their legal assistants and support staff members;

(4) counsel for each department or agency of the Government involved with this lawsuit, their legal assistants and support staff members;

(5) the outside attorneys of a Supplying Owner, their legal assistants and support staff members;

(6) employees of the parties or a Supplying Owner who already have had access to the specified Protected Information as part of their employment duties;

(7) designated independent experts, who are neither employed by the parties nor having familial relationships with the parties either by blood or law, retained by each party solely for the purpose of assisting in this action; and

(8) any other person agreed to by the parties and/or Supplying Owner, or allowed by the Court.

J. The word "any" shall include both "any" and "every."

K. The words "and/or" shall be construed conjunctively and disjunctively to bring within the ambit of this Protective Order the necessary documents and/or things, and information derived therefrom.

L. The singular shall include the plural and vice versa, and the words in any gender shall include the other gender.

I. Identification and Marking of Protected Information

1. Any document or other tangible thing that contains or reveals Protected Information shall be labeled with the legend "PROTECTED INFORMATION, COURT OF FEDERAL CLAIMS NO. 05-187C, SUBJECT TO PROTECTIVE ORDER" or a marking of like import. A party or a Supplying Owner may place the appropriate Protected Information marking (*e.g.*, "Proprietary Information" or "Restricted Information") on any document or thing, at a conspicuous location thereon, that the party or Supplying Owner has determined to contain Protected Information. As for documents, such marking shall appear at least on the first page of each document believed to contain such Protected Information. Any Protected Information that cannot be conveniently labeled as such shall be so designated by the party or Supplying Owner by serving a written notice to the receiving party. In addition to the "Restricted" or "Proprietary" markings, the producing party or Supplying Owner may add further designations such as "FOR OFFICIAL USE ONLY," "FOUO," "LIMITED," "LIMITED DATA RIGHTS," "RESTRICTED RIGHTS," "Business Sensitive," or words of similar import, or export control markings.

2. A party or a Supplying Owner may place the appropriate Protected Information marking on any deposition exhibit, deposition transcript, trial exhibit, or trial transcript, or portions thereof, at a conspicuous location thereon, that the party or Supplying Owner has determined to contain Protected Information. Such marking shall appear on each page believed to contain such

Protected Information. Information may be so designated by stating it on the record at the time of the deposition or trial, or by serving a written notification on the other party and/or the Supplying Owner within thirty (30) days of the receipt of the transcript or exhibit by counsel for the designating party or Supplying Owner. A copy of such written notification, which identifies the specific pages and lines of the transcript or exhibit that contain Protected Information, shall be attached to the face of the transcript or exhibit and each copy of the transcript or exhibit in the possession, custody or control of any Qualified Person. All information disclosed during a deposition shall be treated as Protected Information until at least thirty (30) days after the transcript has been received by counsel for the designating party or Supplying Owner. The witness may review the transcript of his or her testimony at any time.

3. When a party initially produces documents or things for inspection, no marking need be made in advance of the inspection. For the purposes of the inspection, all documents shall be treated as containing Protected Information. After the receiving party has selected specified documents for copying or things for further inspection, the producing party shall appropriately mark the selected documents or the selected things before they are copied or further inspected.

4. Qualified Persons shall be permitted to inspect documents or things in the possession of defendant which may contain Proprietary Information of a Supplying Owner. For the purposes of the inspection, all documents or things shall be treated as containing Protected Information. After such Qualified Persons have selected specified documents for copying or things for further inspection, defendant shall serve a written notification on the Supplying Owner within ten (10) days of such inspection. The notified Supplying Owner, through its outside or in-house counsel, may then inspect such documents or things originated from that Supplying Owner, and appropriately mark the selected documents or things within twenty (20) days after notification. In the event that the selected

documents or things contain information proprietary to more than one Supplying Owner, only Qualified Persons of each Supplying Owner can inspect such selected documents or things. If the notified Supplying Owner does not inform defendant as to its objections within twenty (20) days after notification, the photocopies of the selected documents shall be forwarded to such Qualified Persons and the selected things permitted to be further inspected by such Qualified Persons. Defendant is obligated to make a reasonable effort to locate the Supplying Owner(s) of the selected documents or things. As for the selected documents or things originated from those Supplying Owner(s) who cannot be located, such documents or things shall be treated as containing Protected Information, and forwarded to or further inspected by such Qualified Persons, respectively.

II. Disclosure of Protected Information

5. The parties, Supplying Owners, and Qualified Persons shall not disclose any Protected Information obtained in the course of this litigation, and information derived therefrom, to anyone other than to a Qualified Person and in accordance with the provisions set forth in this Protective Order. This Protective Order pertains to disclosure by a recipient of the Protected Information and does not limit the disclosure of the Protected Information by the producing party or Supplying Owner that originally designated such information, documents or things as containing Protected Information.

6. Each person receiving Protected Information shall be informed of this Protective Order and shall signify assent to the terms of this Protective Order by executing, prior to the receipt of the Protected Information, an acknowledgment statement (similar to that in Form A attached hereto) which indicates that he has read this Protective Order and agrees to be bound in all respects by its terms. The following Qualified Persons need *not* execute an acknowledgment statement: (i) the attorney of record and other outside attorneys for Rice, (ii) the attorney of record for the

Government and other attorneys of the Department of Justice, (iii) counsel for each department or agency of the Government involved in this lawsuit, (iv) the outside attorneys for the Supplying Owners, and (v) the legal assistants and support staff members for the above persons. Executed acknowledgment statements shall be retained by the attorneys of record.

7. The restrictions and obligations relating to Proprietary Information shall not apply to any information which is not so marked, except as set forth in paragraph 4, and shall not apply to any information which the parties or the appropriate Supplying Owner agree, or the Court rules, is public knowledge, or becomes public knowledge other than as a result of disclosure by the recipient or which has come or shall come into possession of the recipient without any obligation of confidentiality other than as a result of disclosure as Proprietary Information in this litigation.

8. A recipient of particular Protected Information and any Qualified Person may discuss with any other person such Protected Information only to the extent that said person has already had access to such Protected Information, independent of any disclosure as Protected Information in this litigation. Likewise, this Protective Order shall not prohibit any person from reviewing particular Protected Information to the extent that said person had a right to review such Protected Information independent of any disclosure of it as Protected Information in this litigation.

9. In connection with independent experts, each party shall disclose in writing to the other party and each Supplying Owner the identity, address and curriculum vitae of each independent expert at least fourteen (14) days prior to any disclosure of any information coming under this Protective Order to such expert. Such curriculum vitae shall disclose all current and former employers of the independent expert. If a party or a Supplying Owner objects to the selected expert, it shall make its objections known in writing within fourteen (14) days of notification. If agreement on the independent expert cannot be reached, the objecting party or Supplying Owner shall have

ten (10) days after making its objections known to seek relief or a protective order from the Court. In such case, no disclosure of the Protected Information shall be made to the expert until the Court has ruled on the objecting party or Supplying Owner's motion for relief or for a protective order. If the objecting party or Supplying Owner fails to seek relief or a protective order within that time, the objection shall be deemed waived and such Protected Information may be disclosed to the independent expert subject only to this Protective Order.

10. A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author, or the recipient of a copy.

11. Protected Information may be disclosed to a witness testifying under oath if (a) the witness was an officer, director, or employee of the party or Supplying Owner who produced such Protected Information and (b) the witness had actual access to such Protected Information during the period of his or her service or employment.

12. Protected Information may be disclosed to stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings. Although they need not be informed of this Protective Order, they shall acknowledge the confidentiality of the Protected Information and agree to preserve all such information in confidence.

13. A document that contains or reveals Protected Information may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator. Although the printer, illustrator, or personnel of such copying service need not be informed of this Protective Order, each shall acknowledge the confidentiality of the Protected Information and agree to preserve all such information in confidence.

14. It shall not be a basis, after entry of this Protective Order, for the parties to refuse to produce documents or things containing information falling within the provisions of this Protective

Order, or to divulge information falling within the provisions of this Protective Order, because the document, thing or information is considered Proprietary Information. However, Protected Information pertaining to a contemplated competitive procurement may be withheld until award of the contemplated contract, provided that plaintiff's counsel reserves his right to seek pursuant to paragraph 27 below an order permitting the earlier release to him of specific protected information.

III. Challenging a Designation of Protected Information

15. A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any time with a Protected Information designation made by another party or Supplying Owner, the parties shall make a good-faith attempt to resolve the dispute on an informal basis. If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from the Court, and the designating party shall have the burden of proving that its Protected Information designation is proper. Any motion or other request seeking relief from a Protected Information designation shall be served on the designating party, and the designating party may appear specially to oppose the motion or other request for relief.

16. If a party disputes or challenges the designation of any information as Protected Information, such information shall nonetheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation has been removed by order of the Court or by written consent of the designating party or Supplying Owner. No party hereto waives any right it may have to object on any ground to the admission into evidence at the trial of this action of any Protected Information.

IV. Handling and Use of Protected Information

17. All Protected Information, and any information derived therefrom, shall be used only for the purpose of preparing and conducting this litigation and shall not be used by or on behalf of any party, Supplying Owner, or Qualified Person for any other purpose.

18. Nothing in this Protective Order, however, shall bar or otherwise restrict any attorney who is a Qualified Person from rendering advice to his client with respect to this litigation, and in the course thereof, from generally referring to or relying upon his examination of materials produced. In rendering such advice or in otherwise communicating with his client, the attorney shall not disclose the content of any Protected Information, and any information derived therefrom, where such disclosure would not otherwise be permitted under the terms of this Protective Order.

19. The Court shall have access to all Protected Information. The Clerk of this Court is directed to maintain under seal all documents or things which are filed with the Court or offered into evidence, and which have been designated as Protected Information. The Clerk shall permit access to such documents or things only to this Court, personnel of the Court authorized to have access, and the attorneys of record.

20. If, during trial or at any hearing in connection with any motion or other proceeding, the party that intends to offer into evidence or disclose any information designated as Protected Information shall so inform in writing the other party and Supplying Owner at least fourteen (14) days in advance; and, if the other party or Supplying Owner continues to designate such information as Protected Information, the offering party shall take such steps as are deemed necessary to preserve the protection of such information, except that the offering party may for cause move the Court to remove the designated Protected Information from under the terms of the Protective Order. In any such motion, the party or Supplying Owner asserting that the information is Protected Information

shall bear the burden of establishing that it in fact continues to meet the definition of Protected Information, as set forth in this Order. No party hereto waives any right it may have to object on any ground to the admission into evidence at the trial of this action of any Protected Information.

21. Before any Protected Information is summarized, discussed or otherwise used at any deposition, hearing, or the trial of this action, all persons other than stenographic or court personnel and the Qualified Persons shall be excluded from such portion of the deposition, hearing, or trial of this action, unless the parties and Supplying Owner otherwise agree, or the Court otherwise orders.

22. If a party designates information as Protected Information on the record at a deposition, hearing, or trial of this action, the court reporter, to the extent possible, shall segregate into separate transcripts information designated as Protected Information from information not so designated. The page numbers of the separate transcripts shall be consecutive so as to facilitate the compilation of a complete transcript.

23. All documents and other tangible things including deposition transcripts, exhibits, answers to interrogatories, answers to document requests, and other documents filed with the Court which comprise or contain Protected Information, or any pleading, brief or memorandum which purports to reproduce or paraphrase such Protected Information, shall be filed in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this litigation, the words "PROTECTED INFORMATION" and "RESTRICTED ACCESS ACCORDING TO COURT ORDER" as an indication of the nature of the contents, and a statement in substantially the following form:

> This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed to anyone other than an attorney of record except by order of the Court or consent of the parties.

24. Any briefs and memoranda containing Protected Information shall be served in a wrapper conspicuously marked on the front "'PROTECTED INFORMATION' and 'SUBJECT TO PROTECTIVE ORDER'-- to be opened only by (the name of the attorney of record receiving the brief or memorandum)" and shall be accompanied by a separate copy from which the Protected Information has been deleted.

V. General Provisions

25. Neither this Protective Order nor any action taken by any party or Supplying Owner pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by such party or Supplying Owner, or of altering the restrictiveness of any information or of altering any existing obligation of any party or Supplying Owner, or the absence thereof. For example, nothing in this Protective Order shall foreclose any party or Supplying Owner from opposing production of any information for lack of relevance, privilege, or any ground other than the assertion that such information is Protected Information.

26. The inadvertent or unintentional disclosure of Protected Information during the course of this litigation, without designating it as Protected Information at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim that the disclosed information is protected, either as to the specific information disclosed or as to any other information relating thereto. In order to maintain its protected status, any such Protected Information must, however, be so designated within thirty (30) days after learning of the inadvertent or unintentional disclosure. Furthermore, in the event of an unintentional or inadvertent disclosure, counsel shall immediately take appropriate action to cure the violation and retrieve any Protected Information from any person not covered by the Protective Order.

27. This Protective Order shall be without prejudice to the right of any party to bring before the Court upon reasonable notice to each other party and any applicable Supplying Owner the question of whether any Proprietary Information should be protected further than provided in this Protective Order. This Protective Order shall be without prejudice to the right of any party or Supplying Owner to seek a modification hereof, by leave of Court.

28. In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

29. At the conclusion of this action (including any appeals thereof), the portions of all documents, exhibits, trial and deposition transcripts, and things not filed with the Court which are designated as containing Protected Information (including all copies, extracts, and summaries thereof and all documents containing information taken therefrom), shall be returned or destroyed at the option of the party or applicable Supplying Owner that produced the Protected Information; provided, that the United States Department of Justice and the attorney of record for Rice each may retain one (1) set of any documents solely for archive purposes. In accordance with procedures agreed to by the designating party or Supplying Owner, all other Protected Information shall be destroyed or returned no later than ninety (90) days after the unappealed or unappealable final judgment or settlement of the present action, or any unappealed or unappealable appellate order entered therefor. Any portion of the official record that contains Protected Information shall be exempt from this provision.

30. This Protective Order may be amended as to particular Protected Information as need may arise only by written agreement of the parties and Supplying Owner without prior leave of the Court.

31. This Protective Order may be amended with leave of the Court or by express order of the Court.

32. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this suit.

33. All notices under this Protective Order shall be served either by facsimile with a confirming copy by first class mail, by courier, or by overnight mail addressed to the attorney of record for the parties, as listed below. Upon request, counsel for the United States shall provide the name and address of the point of contact for any surviving Supplying Owner requiring service of notice under this Protective Order.

SIGNED AND ENTERED this ______ day of ______________, 2005.

James F. Merow, Senior Judge

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| IVAN G. RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-187 C |
| v. | ) | |
| | ) | Senior Judge James F. Merow |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**
**REGARDING PROTECTED INFORMATION**

I have read the attached Protective Order and I agree to be bound in all respects by its terms in relation to the protection of Protected Information. In addition, I hereby submit to the jurisdiction of the United States Court of Federal Claims for the purpose of enforcement of the attached Protective Order.

Date: _________