# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IVAN G. RICE<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 05-187C<br><br>Senior Judge James F. Merow |

**Declaration of Vigen Arefian**

I, Vigen Arefian, declare as follows:

1. I am a product engineering manager in the heat transfer department at Honeywell International, Inc ("Honeywell"). I am responsible for the design, development and manufacture of specialty heat transfer products including recuperators and intercoolers.

2. In cooperation with Northrop Grumman (formerly Westinghouse) and Rolls Royce plc, I was involved in the design, development and production of the recuperator and intercooler assemblies for the ICR Recuperated gas turbine engine for marine applications for the United States Navy and the United Kingdom Royal Navy starting around 1993.

3. A number of Honeywell proprietary and trade secret tools and processes that were developed over an extended time frame at Honeywell expense were used throughout this development program. These included computer software, heat transfer surface data, pressure containment and thermal growth design features, and manufacturing methods and processes. Honeywell proprietary computer software developed and refined over the years at significant Honeywell expense were used to size

the recuperator and the intercooler using heat transfer surface data developed by Honeywell.

4. The design of the recuperator assembly, including many of the specific features with respect to the enclosure, pressure containment of the recuperator heat exchanger, thermal gradient abatement features for the manifolds and closure bars, core-to-core thermal expansion joints, thermal growth compensating features of the manifold assemblies and relative growth accommodations of the recuperator relative to the enclosure, were all directly derived from a previous industrial recuperator program which was internally and solely funded by Honeywell. The manufacturing technology and processes used in the fabrication of these heat exchangers and its detail parts, including but not limited to fin die design and fin fabrication, header bars and manifold support rings, core-to-core expansion joints, integrally manifolded tube-sheets, braze alloy application, and the brazing processes were similarly derived from methods and processes developed by Honeywell during the development of the industrial recuperators at company expense.

5. Release of any documents to entities outside of Honeywell will make public a large number of Honeywell proprietary and trade secret data and know-how. Such release will be detrimental to Honeywell in safeguarding its proprietary design tools, protecting its trade secrets and manufacturing know-how, and maintaining its competitive edge. It will provide the competition an unfair advantage by allowing open and easy access to Honeywell's knowledge base and expertise in heat exchanger design and manufacture at no cost.

6. Competitors could also conceivably use this information to enhance or develop patent positions that could restrict Honeywell's freedom to use certain technologies.

7. I have reviewed portions of a document titled PLAINTIFF IVAN G. RICE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS. These portions are attached as Exhibit 1 to my declaration. Certain paragraphs in this document, for example, paragraphs 9, 25, and 27 appear to request at least some of the highly sensitive proprietary documents described above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: August 5, 2005

Vigen Arefian

Vigen Arefian

Document #: 1329511 v.1

# EXHIBIT 1
# TO AFFIDAVIT

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IVAN G. RICE | § | |
| | § | |
| Plaintiff | § | Civil Action No. _____ |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF IVAN G. RICE'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rule 34 of the Rules of the United States Claims Court (RUSCC), Plaintiff Ivan G. Rice ("Plaintiff" or "Rice") hereby requests Defendant The United States of America ("Defendant" or " United States" or "Government") produce the following documents in its possession, custody or control for inspection and copying at the offices of Tobor & Goldstein, 1360 Post Oak Blvd., Suite 2300, Houston, TX 77056, or at such other place as may be determined by agreement of the parties or order of the Court.

DEFINITIONS AND INSTRUCTIONS

1. The term "documents" includes all written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, including, but not limited to, letters, correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, memoranda or notes of telephone conversations or personal conversations, microfilm, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings or materials similar to any of the foregoing, however, denominated, and including writings, drawings, graphs, charts, blueprints, photographs, phone-records and data processing results, computer, or data processing

"variable geometry construction," or the "fixed geometry construction;" or (c) any other claim constructions not set forth in the Patent Memorandum.

REQUEST NO. 7:

All documents relating to the infringement analyses set forth in the Patent Memorandum, including but not limited to any internal memoranda, reports, or correspondence to or from Donald Peck or to or from Thomas L. Bowen.

REQUEST NO. 8:

All documents relating to the validity analyses set forth in the Patent Memorandum, including the analysis of validity under 35 U.S.C. §§ 112, 102 and 103, including but not limited to any internal memoranda, reports, or correspondence to or from Donald Peck or to or from Thomas L. Bowen.

REQUEST NO. 9:

All documents relating to the ICR System.

REQUEST NO. 10:

All documents relating to the alleged proposal by the Navy in 1982 for an "intercooled recuperative engine to lower specific fuel consumption," as set forth on page 1 of the Patent Memorandum.

REQUEST NO. 11:

All documents relating to the alleged "strategy" to "modify an existing twin spool aircraft engine with an intercooler and recuperator" as set forth on page 1 of the Patent Memorandum.

REQUEST NO. 24:

All documents that relate to any papers or publications (or drafts thereof) prepared, written, authored, or generated prior to 1985 that describe or concern any power system with a gas generator and a power turbine, with an intercooler positioned between a low pressure compressor and a high pressure compressor.

REQUEST NO. 25:

All documents that relate to the manufacture of ICR Systems for the Defendant.

REQUEST NO. 26:

All documents that relate to the purchase, procurement or acquisition of ICR Systems by the Defendant, including but not limited to documents relating to the number of ICR Systems purchased, procured, or acquired by the Defendant, and all documents relating to the purchasing, procuring or acquiring of ICR Systems by Defendant.

REQUEST NO. 27:

All documents that relate to the procurement, purchase, acquisition, or delivery schedule of ICR Systems.

REQUEST NO. 28:

All documents that relate to the date the first ICR System was delivered to the Defendant.

REQUEST NO. 29:

All documents relating to payments by the Defendant relating to the ICR System.

REQUEST NO. 30:

All documents relating to any document retention or document destruction policy, program or practice of Defendant.

# EXHIBIT B

TOBOR & GOLDSTEIN
L.L.P.
*Attorneys at Law*
1360 POST OAK BLVD.
SUITE 2300
HOUSTON, TEXAS 77056-3023

DOUGLAS H. ELLIOTT
EDWARD W. GOLDSTEIN
JOHN T. POLASEK
BEN D. TOBOR

DARIN H. DUPHORNE
BYRON G. BUCK
C. DALE QUISENBERRY*
COLIN E. ERRINGTON
PATRICIA A. MEIER
*MEMBER OKLAHOMA BAR

TELEPHONE (713) 877-1815
FACSIMILE (713) 877-1145

July 17, 1997

Via Fax As Shown
& U.S. First Class Mail
At Address Indicated Below

**United States Government**
c/o Chun-I Chiang, Esq.
Via Fax (202) 307-0345

**AlliedSignal, Inc.**
c/o Elizabeth Miller Roesel, Esq.
Via Fax (202) 628-5116

**CAE Electronics, Ltd.**
c/o Mr. Charles Robinson
Via Fax 9-1-514-340-5530

**General Electric Co.**
c/o Lorene F. Schaefer, Esq.
Via Fax (513) 243-6938

**Northrop Grumman Corp.**
c/o Joseph O. Costello, Esq.
Via Fax (310) 201-3378

**Pratt & Whitney**
c/o David K. Ware, Esq.
Via Fax (561) 796-6514

**Rolls-Royce Plc**
c/o James A. Oliff, Esq.
Via Fax (703) 836-2787

**Westinghouse Electric Corp.**
c/o Louis A. DePaul, Esq.
Via Fax (412) 642-5262

RE: No. 97-246C; Ivan G. Rice v. The United States;
In the United States Court of Federal Claims;
Judge James F. Merow

Dear Ladies and Gentlemen:

The only letter I received responsive to my July 3, 1997 letter was from Ms. Roesel, dated July 10, 1997. Accordingly, I am assuming that the information requested in that letter is information requested by you all.

Attached is the current Professional Background of Mr. Rice, which should provide you with an idea of Mr. Rice's background. To the extent not disclosed or implied in the Resume, and responsive to Ms. Roesel's request, we are providing the following information:

- Mr. Rice is self-employed, but is at present essentially "semi-retired." His former employers are General Electric Co. and Delaval Turbine Inc.

- He has no consulting arrangements at this time. Previous consulting arrangements have been with the clientel as listed on the third page of his Professional Background enclosed.
- It is not clear what is meant by "relationships" but there has been no consulting or employment agreements between Mr. Rice and any member of the "aerospace industry." Mr. Rice's background is not directed to the aerospace industry per se, but rather to the gas and steam turbine and power generation industries.
- See above.
- The only pending application is a divisional in connection with pending U.S. Patent No. 5,628,183, and a corresponding European Patent Office application.

We hope the above information will assist you to provide us with appropriate language for the Protective Order promptly.

If you have any questions, or if we can provide you with any further information to speed things up, please do not hesitate to contact us.

Very truly yours,

TOBOR & GOLDSTEIN, L.L.P.

Douglas H. Elliott

DHE/csr

cc: Chun-I Chiang, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

AlliedSignal, Inc.
c/o Elizabeth Miller Roesel, Esq.
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595

CAE Electronics, Ltd.
c/o Mr. Charles Robinson
Director of Contracting
CAE Electronics, Ltd.
8585 Cote de Liesse Road
Saint-Laurent, Quebec H4T 1G6
CANADA

General Electric Co.
c/o Lorene F. Schaefer, Esq.
Litigation Counsel
GE Aircraft Engines
General Electric Company
One Neumann Way J104
Cincinnati, Ohio 45215-6301

Northrop Grumman Corp.
c/o Joseph O. Costello, Esq.
Assistant General Counsel - Litigation
Corporate Law Department
Northrop Grumman Corp.
M/S 195/CC
1840 Century Park East
Los Angeles, CA 90067-2199

Pratt & Whitney
c/o David K. Ware, Esq.
Vice President & Deputy General Counsel
Government Engines & Space Propulsion
Pratt & Whitney
P. O. Box 109600
West Palm Beach, FL 33410-9600

or
17900 Beeline Highway
Jupiter, FL 33458
Rolls-Royce Plc
c/o James A. Oliff, Esq.
OLIFF & BERRIDGE
700 South Washington Street
Suite 300
Alexandria, VA 22314

Westinghouse Electric Corp.
c/o Louis A. DePaul, Esq.
Assistant General Counsel
Law Department
Westinghouse Electric Corp.
11 Stanwix Street
Pittsburgh, PA 15222

Mr. Ivan G. Rice
Edward W. Goldstein, Esq. (Firm)
Darin H. Duphorne, Esq. (Firm)

F:\CLIENT\7\7423\007\LTR\30.DHE