# In the United States Court of Federal Claims

No. 05-187 C
(Filed August 24, 2005)

***********************************
IVAN G. RICE, *
*
Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
************************************

**ORDER**

By motion, filed July 7, 2005, defendant moves for the entry of a Protective Order. Discovery in this patent litigation involves production of technical and proprietary information and documents from contractors or subcontractors such as Northrop Grumman Corporation, Rolls-Royce Industrial & Marine Gas Turbines, Ltd. ("Rolls-Royce"), Honeywell International, Inc. ("Honeywell"), and L-3 Communications MAPPS, Inc. ("L-3 MAPPS"). Defendant and plaintiff agree that a Protective Order is required, given the nature of the documents and information needed in resolving the issues presented, and they agree on the text of the Protective Order, with one exception. Defendant and the non-party discovery subjects ("Supplying Owners") object to plaintiff, Ivan G. Rice, having access to material protected by a proposed order and defendant' s order is so drafted to preclude plaintiff's access. Plaintiff counters with a proposed order allowing his access to protected material. The issue to be resolved is whether Mr. Rice, the owner of the patent involved, in addition to his counsel and any "outside" expert(s) he may determine to consult and/or retain, should be afforded access to protected information.

When this litigation was previously before the court in 1997, a protective order was entered which did not provide for Mr. Rice to have access to protected information, but did provide that plaintiff's counsel could move for access by Mr. Rice to specific items of protected information, " . . . but only upon a showing by

plaintiff's counsel that counsel is unable, after a good faith effort has been made, to locate an independent expert other than plaintiff . . . ." *Rice v. United States*, 39 Fed. Cl. 747, 752 (1997).

Plaintiff asserts that circumstances have changed since the 1997 Order was entered. His declaration, attached as an exhibit to his response, filed July 25, 2005, notes that he is 80-years-old, and has not worked as a consultant since July 31, 1996. Except for this litigation, plaintiff states that he is not currently active in any engineering or technical work. Plaintiff notes that as of July 24, 2005, he was to be placed on inactive status with respect to his professional engineering registration in Texas and will not be able to legally practice there as a professional engineer. Plaintiff argues that he is fully retired and can in no way now be classified as a "competitor" and a disclosure risk with respect to proprietary information obtained from the non-party Supplying Owners involved in this litigation. Plaintiff asserts a special need for access to proprietary information based on the assertion that Rolls-Royce copied his invention after he disclosed it at a 1984 Amsterdam Conference and that he is uniquely qualified to review Rolls-Royce's development and design documents and participate in depositions of Rolls-Royce engineers to help him prove his case.

Defendant and the non-party Supplying Owners dispute Mr. Rice's assertion that he is fully retired. Rolls-Royce asserts that any disclosure of its commercially sensitive technical and pricing information would create a serious risk of injury. Rolls-Royce noted that although plaintiff indicates he is no longer active in consulting, publishing technical papers, or filing or prosecuting patent applications, ". . . there is nothing to prevent him from performing any of these activities in the future." *See* Opp'n of Non-Party Rolls-Royce Industrial & Marine Gas Turbines, Ltd., filed August 8, 2005 at p. 7.

Similarly, defendant in its reply, filed August 8, 2005 at p. 5 states that plaintiff's " . . . inspection of the Supplying Owner's proprietary information could prompt him to undertake new consultations, write additional technical articles, and file additional domestic and foreign patent applications." Defendant notes that plaintiff has " . . . failed to assure the Court that he will not in the future engage in any consulting as to gas turbines, or publish technical articles about gas turbines, or file for domestic or foreign patent protection for gas turbines." *Id.*

As noted in the prior Opinion reported at 39 Fed. Cl. 747, the weight of authority favors providing protection from disclosure of the type of information and documents at issue, especially to competitors. However, if plaintiff is not a competitor or potential competitor, plaintiff has made a showing supporting at least limited access to protected information in connection with proving his case. Whether plaintiff has sufficiently forsworn his competitor status with respect to Supplying Owners is open to question. This is a question which could be resolved by specific agreements with Supplying Owners covering Mr. Rice's relevant future activities. *See Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F. Supp. 20, 22 (D. Del. 1988). If Mr. Rice is fully retired, to support access to protected information, he may be willing to agree to restrict whatever future activities that Supplying Owners are concerned would, if conducted, cause them injury. Whether such agreements can be negotiated should be fully explored. If agreements can be reached they would provide the needed assurance that plaintiff is no longer a competitor, obviate the risk of disclosure, and also provide an alternative basis for obtaining relief in the event an agreement violation were to occur.

Accordingly, it is **ORDERED**

(1) That counsel for plaintiff and defendant fully explore with Supplying Owners and with plaintiff the possibility of reaching agreement(s) between plaintiff and Supplying Owners concerning terms that would permit access by plaintiff to their proprietary information, or portions thereof, and would cover the restriction(s) as to future activity by plaintiff that would be necessary to provide the requisite level of assurance that plaintiff is not, and will not become, a competitor;

(2) That on or before September 30, 2005, counsel file a status report(s) indicating the negotiations undertaken and whether agreements have been reached for any access by plaintiff to any protected information and, if so, any terms involved that need to be incorporated in the Protective Order entered herewith, and, if not, whether further efforts to reach agreements are considered to be feasible;

(3) In the interim, the Protective Order tendered as an attachment to defendant's motion, filed July 7, 2005, shall be in effect for this litigation and shall remain in effect pending any further order providing for modifications as a result of (1)-(2);

(4) To the extent required, leave is **GRANTED** for the filings on August 8, 2005, of the submission by Rolls-Royce and the reply by Honeywell, whose motion for leave to file is **GRANTED**;

(5) Defendant's motion, filed July 7, 2005, and responding submissions are **GRANTED** to the extent provided herein and, otherwise, **DENIED**.

s/ James F. Merow
James F. Merow
Senior Judge