# In the United States Court of Federal Claims

No. 05-187 C
(Filed October 17, 2005)

| | |
|---|---|
| IVAN G. RICE, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

## ORDER

Upon analysis of the Joint Status Report, filed September 30, 2005, it is concluded that the Protective Order as made applicable by the Order, filed August 24, 2005 shall remain in effect. This is because it does not appear likely that the parties concerned can reach agreement as to conditions for access by the plaintiff to all protected information such as was contemplated by the August 24, 2005 Order.

Given levels of protective sensitivity with respect to protected information, it may be possible to reach agreement to provide access for plaintiff to specific protected information, or portions thereof, selected by counsel. Thus, similar to the provision in *Rice v. United States*, 39 Fed. Cl. 747, 752 (1997), it is **ORDERED** that in accord with the provisions of the Protective Order established by the Order, filed August 24, 2005:

(1) Plaintiff's counsel may, during the pretrial process, select specific supplying owner's information, request that supplying owner's consent to plaintiff's access thereto, and if consent is provided, make the protected information available to plaintiff as consented;

(2) Plaintiff shall be a qualified person under the August 24, 2005 Order with respect to any protected information disclosed to him pursuant to(1);

(3) If consent is not given after a request as provided in (1) counsel may, for good cause shown, move for an order granting plaintiff access to the specific information selected;

(4) Any motion filed pursuant to (2) shall also be served on the supplying owner(s) involved, and the supplying owner(s) served is **GRANTED LEAVE** to file a response;

(5) This procedure shall be used only for that specific selected protected information, if any, for which counsel considers access by plaintiff is crucial to the preparation or presentation of plaintiff's case.

s/ James F. Merow
James F. Merow
Senior Judge