**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **IVAN G. RICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. _05-187C_** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Senior Judge James F. Merow** |
| **Defendant.** | ) | |

**PLAINTIFF RICE'S REPLY TO HONEYWELL'S MEMORANDUM IN OPPOSITION TO PLAINTIFF RICE'S UNOPPOSED MOTION TO STAY PROCEEDINGS**

This Reply is being filed in response to the opposition filed by Honeywell, a non-party,[1] to Plaintiff, Ivan G. Rice's ("Rice") Unopposed Motion To Stay Proceedings before this Court. Rice filed the unopposed motion to stay proceedings in this case pending the outcome of a parallel district court case in the Eastern District of Texas (the "Texas case").

SUMMARY

The essential reason proffered by Honeywell for opposing the stay was that "the requested stay will not result in any conservation of judicial resources, or cost savings to the parties."[2] Nonsense. Granting this stay will conserve substantial resources of this Court, as well as resources of both the Plaintiff Rice and the Defendant United States. First, a great deal of the evidence generated in the Texas case will be directly applicable to issues in this case. Second, discovery from Rolls-Royce and Honeywell will be far easier to secure in the Texas case since both companies are parties in the Texas case. Plaintiff Rice and Defendant United States have

---

[1] In its Motion for Leave to File a Memorandum in Opposition, Honeywell admits that it is not a party.

[2] Honeywell's Memo. In Opposition To Pl. Rice's Unopposed Mot. To Stay Proc. at 2 (Feb. 7, 2006).

agreed to stay proceedings in this Court. It is unseemly for Honeywell, who is not even a party to this case, to block this requested stay.

## ARGUMENT

1. Evidence In The Texas Case Will Be Applicable Here.

A great deal of evidence developed in the Texas case will be applicable to this case. The Discovery Order in the Texas case gives each side 60 interrogatories, 60 requests for admission, 20 hours of deposition testimony of each party or each party's 30(b)(6) designated witness, 10 hours of deposition testimony of each testifying expert witness and 100 hours of 30(b)(1) depositions of each side.[3] All the evidence developed through discovery, as well as a full trial on the merits will be available to be used in this case. For example, in his deposition and later at trial, Rice will testify regarding such issues as conception, diligence and reduction to practice. Rice's testimony will be available for later use by the United States. This Court, Rice and the United States will also benefit from discovery in the Texas case from Honeywell and Rolls-Royce regarding infringement issues and prior art. Judicial economy is derived from the substantial amount of evidence generated in the Texas case that will also be useful here.

2. A Stay Would Result In More Efficient Discovery.

A stay would result in more efficient discovery. Document production in the Texas case will be far less burdensome than document production in this case. The disclosure rules in the Texas case require disclosure by Honeywell and Rolls-Royce without prompting and without discovery requests. A quick review of Judge Davis' Discovery Order in the Texas case reveals that his discovery rules are anything but optional. When referring to requests for production, Judge Davis states that "[b]ecause documents relevant to any claim or defense are to be produced

3 *See* Exhibit A, Discovery Order at 2.

pursuant to the patent rules and paragraphs one and two of this order, requests for production are unnecessary."[4] In the Texas case, Honeywell and Rolls-Royce are scheduled to produce such documents on March 6, 2006.

In contrast, third party subpoenas would be required to obtain the same documents in this case. Honeywell's response to Rice's subpoena and corresponding document requests demonstrates the inherent inefficiency of relying on third party subpoenas. Rice's subpoena required the production of documents by Honeywell on November 29, 2005. Not until over two months after the due date did Honeywell finally finish producing approximately 500 pages of documents. No such foot-dragging is permitted in the Texas case. Hence, there is no question that discovery in the Texas case is more efficient.

3. Other Misstatements.

Honeywell has also made a number of misstatements. The assertion that Rice is pursuing the Texas case simply to receive a more favorable ruling on a protective order is absurd. Honeywell goes as far as to accuse Rice of "forum shopping" for a more favorable protective order. This is simply not true. The case in this Court against the United States involves the use or manufacture of the WR-21 under Government Contract No. N00024-92-C-4166 "by or for the United States."[5] In contrast, the case against non-party Honeywell[6] and Rolls-Royce involves the sale of different WR-21 engines to foreign governments. These engines are certainly not "by or for" the United States.[7] Thus, in the Texas case, Honeywell and Rolls-Royce will not be

---

4 *See* Exhibit A at 3, *emphasis added.*

5 Rice's Compl. at ¶ 9.

6 Honeywell incorrectly asserts that "heat exchanger cores are not claimed in Rice's patent." A heat exchanger is an "intercooler," which is a recited element of the claim.

7 Original Compl. at ¶ 14, *Ivan G. Rice v. Honeywell International, Inc. and Rolls-Royce, plc,* Case No. 6:05-CV-330 (E.D. Tex., Tyler Div.).

defending the Government's activities under the Government Contract, but rather will be held accountable for their own activities involving private sales of the WR-21 to foreign governments.[8]

Finally, Honeywell states that "Rice chose not to sue Honeywell or Rolls-Royce in 1997 or at any time before he brought the Texas case in 2005."[9] It would have been impossible to sue Honeywell or Rolls-Royce in 1997 for activities that had not yet taken place. The activities at issue in the Texas case, by private parties Honeywell and Rolls-Royce, have taken place well after 1997.

## CONCLUSION

For the foregoing reasons, Plaintiff Rice's Motion to Stay Proceedings should be granted.

Respectfully submitted,

s/ Douglas H. Elliott
Douglas H. Elliott
Attorney-in-Charge
Neil P. Morrissette
Patterson & Sheridan, LLP
3040 Post Oak Blvd., Suite 1500
Houston, Texas 77056
Tel (713) 623-4844
Fax (713) 623-4846
delliott@pattersonsheridan.com

ATTORNEYS FOR PLAINTIFF

---

[8] Rolls-Royce revealed in its 2001 Annual Report that: "Contracts with a value in excess of £100 million were signed to supply 12 advanced cycle WR-21 marine gas turbines and Kamewa propulsion systems for the first six ships in the Royal Navy's new Type 45 class of air defence destroyers." Rolls-Royce plc Annual Report 2001 at 16.

[9] Honeywell Memo. at 2.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of "PLAINTIFF RICE'S REPLY TO HONEYWELL'S MEMORANDUM IN OPPOSITION TO PLAINTIFF RICE'S UNOPPOSED MOTION TO STAY PROCEEDINGS" was served on the parties listed below, via e-mail, facsimile, and U.S. first-class mail on this 21st day of February, 2006:

B. Frederick Buchan, Jr.
Ken B. Barrett
Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Richard L. Brusca
Elizabeth C. Billhimer
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, NW
Washington, D.C. 20005

Respectfully submitted,

s/ Douglas H. Elliott
Douglas H. Elliott
Attorney-in-Charge
Neil P. Morrissette
Patterson & Sheridan, LLP
3040 Post Oak Blvd., Suite 1500
Houston, Texas 77056
Tel (713) 623-4844
Fax (713) 623-4846
delliott@pattersonsheridan.com

ATTORNEYS FOR PLAINTIFF