# In the United States Court of Federal Claims

No. 05-187 C

(Filed March 7, 2006)

************************************
IVAN G. RICE, *
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
Defendant. *
************************************

**ORDER**

Plaintiff moves to stay proceedings in this matter pending the outcome of *Ivan G. Rice v. Honeywell International, Inc. and Rolls-Royce, plc*, Case No. 6:05-CV-330 (E.D. Tex., Tyler Div.). Plaintiff asserts that this district court case involves the same patent and the same infringement and validity issues that are involved in the instant litigation. The difference between the two suits is that the instant litigation is based on the use or manufacture of the WR-21 engine "by or for the United States," and the district court suit involves the sale of different WR-21 engines to foreign governments.

Defendant does not oppose entry of a stay, but reserves its right to contest issues including claim construction, validity, infringement and compensation, as may be appropriate, after conclusion of the Texas litigation.

The defendants in the Texas litigation have not sought "party" status in the instant litigation, but have been granted leave to file submissions addressed to the stay issue. These submissions argue that the stay sought by plaintiff, unopposed by defendant, should not be entered.

Plaintiff, citing *Corning Glass Works v. United States*, 220 Ct. Cl. 605, 607 (1979), argues that judicial economy will be furthered by the entry of a stay. Honeywell and Rolls-Royce dispute that a stay will conserve judicial resources or

result in cost savings to the parties, and note that the instant case predates the Texas litigation. Plaintiff, in response, notes the extent of discovery to take place in the Texas litigation which will be of use in the instant suit. Plaintiff also argues that district court proceedings will assist with obtaining evidence possessed by Rolls-Royce located in the United Kingdom.

It is not clear that district court proceedings would necessarily be advantageous with respect to obtaining evidence located overseas. Unlike a district court, a Court of Federal Claims Judge may travel to, and conduct proceedings in, a foreign country when economy, efficiency, and justice will be served in order to obtain needed evidence. 28 U.S.C. § 798(b). However, plaintiff's assertion that a stay would conserve resources otherwise to be expended by the parties and the court has validity. The pretrial proceedings ordered in the instant case are comprehensive and will require extensive work by all concerned. Comparing these pretrial requirements with the proceedings ordered by the district court shows that the potential exists for the elimination of much duplicative effort by adopting a seriatim approach. Deferring further proceedings pending the conclusion of the district court litigation, should result in a substantial reduction of the time and effort required for the resolution of the instant case. Moreover, no party opposes the stay request.

Accordingly, it is **ORDERED**:

(1) Plaintiff Rice's Motion to Amend Reply to Honeywell's Memorandum in Opposition to Plaintiff Rice's Unopposed Motion to Stay Proceedings, filed February 21, 2006, is **GRANTED** and the new Exhibit "A" attached to the motion is deemed **SUBSTITUTED**;

(2) The motion by plaintiff that the instant litigation be stayed pending conclusion of *Ivan G. Rice v. Honeywell International, Inc. and Rolls-Royce, plc*, Case No. 6:05-CV-330 (E.D. Tex., Tyler Div.) shall be **GRANTED** and this litigation shall be so **STAYED**;

(3) The parties shall file a status report(s), within thirty days following disposition of the above-cited district court litigation, proposing a schedule for the completion of remaining pretrial proceedings;

(4) In the event the district court litigation is not concluded by March 7, 2007, the parties shall at that time file a status report(s) indicating whether the stay should remain in effect.

s/ James F. Merow
James F. Merow
Senior Judge