# EXHIBIT C

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/251,076 | 09/28/88 | RICE I | |

IVAN G. RICE
P. O. BOX 233
SPRING, TX 77383

| EXAMINER | |
|---|---|
| CASAREGOLA,L | |
| ART UNIT | PAPER NUMBER |
| 343 | 24 |

DATE MAILED: 04/11/89

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined [ ] Responsive to communication filed on ______ [ ] This action is made final.

A shortened statutory period for response to this action is set to expire 3 month(s), ______ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

Part I THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. [X] Notice of References Cited by Examiner, PTO-892.
2. [ ] Notice re Patent Drawing, PTO-948.
3. [ ] Notice of Art Cited by Applicant, PTO-1449
4. [ ] Notice of informal Patent Application, Form PTO-152
5. [ ] Information on How to Effect Drawing Changes, PTO-1474
6. [ ] ______

Part II SUMMARY OF ACTION

1. [X] Claims 69, 71, 72, 74, 80, 81, 83, 85 are pending in the application.

   Of the above, claims ______ are withdrawn from consideration.

2. [ ] Claims ______ have been cancelled.

3. [ ] Claims ______ are allowed.

4. [X] Claims 69, 71, 72, 74, 80, 81, 83, 85 are rejected.

5. [ ] Claims ______ are objected to.

6. [ ] Claims ______ are subject to restriction or election requirement.

7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.

8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.

9. [ ] The corrected or substitute drawings have been received on ______. These drawings are [ ] acceptable; [ ] not acceptable (see explanation).

10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on ______, has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).

11. [ ] The proposed drawing correction, filed ______, has been [ ] approved. [ ] disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.

12. [ ] Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [ ] not been received

    [ ] been filed in parent application, serial no. ______; filed on ______.

13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. [ ] Other

The drawing a objected to under 37 CFR 1.83(a) for failing to show all significant features of the claimed invention. Claims 71, 74, 80, 81, 83, and 85 recite various steam power cycle component means. Applicant's latest set of claims includes more such structure and places greater emphasis on it then do the claims in the parent application. It is consequently imperative that all steam power cycle components appear in the drawing. Applicant is required to submit appropriately amended drawing figures in response to this Office action.

Claims 71, 74, 80, 81, 83, and 85 are rejected under 35 U.S.C. 112, first and second paragraphs, as the claimed invention is not described in such full, clear, concise and exact terms as to enable any person skilled in the art to make and use the same, and/or for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. As noted above, the claims recite various steam power cycle components; these include "boiler means", "steam turbine or vapor turbine means", "condenser means", etc. Such claimed "means" are permitted under §112 but only to the extent that they are readable on specific structural elements in the preferred embodiment of the disclosed invention. In this instance, the preferred embodiment includes no actual structure which corresponds to the various claimed means.

Claim 81 recites "heat exchange means in said intercooler". This language however is vague and

ambiguous. By definition, an intercooler per se is heat exchange means; it is not seen that there is any further element readable on the claimed "means in said intercooler".

Claims 83 and 85 refer to the number of high pressure compressor stages as "about eleven or more". The use of the term "about" in this context is deemed inappropriate and confusing. Qualifying terms such as "substantially", "approximately", and "about" are an acceptable way of establishing some small margin of error in the claimed value for a given parameter such as temperature, pressure, etc. The limitation at issue here however is simply claiming the number of mechanical parts (i.e. compressor stages) involved, and that number is already recited in terms of the range, "eleven or more". The range per se should accommodate any intended variation, and there is no need to establish a margin for small error -- there cannot, for example, be 10.9 compressor stages!

Claims 69 and 72 are rejected under 35 U.S.C. 102b as being anticipated by Hull or DuPont et al. Both references disclose concentric, multi-spool gas turbines with intercoolers between high and low pressure compressor stages; see for example, compressor 17 followed by intercooler 16 and compressor 18 of Hull, and compressor 17-18 followed by intercooler 26 and compressor 27 and 29 of DuPont. Note that those features referred to only in the Jepson-type claim preamble carry no weight.

Claim 71, *74 ~~72~~, and 80 are rejected under 35 U.S.C. 103 as being unpatentable over any of Russinan Specification 404,958, Swedich Specification 7,713,915, or Russian Specification 1,004,660 in view of the Judge publication and either of Hul or DuPont et al. The three primary references each discloses a power plant comprising a concentric, twin spool gas turbine engine with an additional power turbine and a waste heat boiler supplying energy to a steam power cycle. It is known in the art that the addition of an intercooler, in general, will improve the efficiency of a gas turbine engine as evidenced by Judge. It is also known in the art that a concentric, twin-spool gas turbine configuration can be arranged to accommodate an intercooler as evidenced by Hull and Du Pont. Given the above noted facts available from the secondary references, the addition of an intercooler to the power plant in any of the primary references would have simply been an obvious expedient to improve plant efficiency.

Claim 81 is rejected like claims 71, *74, and 80 above and with additional reference to Jung et al. For reasons set forth in the §112 rejection, the limitations in claim 81 cannot be fully understood. To the extent that the claim simply suggests the use of steam cycle condenser water in an intercooler, that concept is known in the prior art as indicated, for example, by Jung; see elements 27 and 28 ~~35~~. It would have been obvious to

apply this concept to intercoolers added to the plants in the cited Russian and Swedish Specifications because such an arrangement would add the lost heat of compression to the steam power cycle thus increasing total plant efficiency.

It is noted that the present application is related to a long chain of previous applications a number of which have filing dates in the late 1970's. It is also noted however that the link between the present application and its earlier parent applications involves a number of C.I.P.'s, and the earlier parent applications do not adequately cover many of the significant features now being claimed. The earlier applications thus do not provide a priority date for the currently claimed invention. References with effective dates as recent as the early-to-mid 1980's (e.g. Russian Specification 1,004,660) appear to be applicable as a valid basis for rejection.

Applicant's comments directed to the previously applied prior art have been reviewed. The arguments presented however are deemed moot since the current rejections are essentially based on new and significantly different references. It appears that applicant believes the concept of the intercooled, concentric, twin-spool gas turbine originated with the present invention. This is simply not true. The newly cited patents to Hull and Dupont establish that this concept has been known for a considerable time.

Claims 83 and 85 will be allowed if (1) the term "about" is deleted from the language reciting the number of compressor states, (2) The claims are rewritten in independent form (i.e. rewritten to include all limitations from their parent claims), and (3) the drawing and specification are amended to provide a proper basis for claimed steam cycle components.

L.CASAREGOLA:vs
703-557-3424
4/7/89
corr. 4/10/89

L. J. Casaregola
LOUIS J. CASAREGOLA
PRIMARY EXAMINER
ART UNIT 343

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

| FORM PTO-892 (REV. 3-78) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | SERIAL NO. | GROUP ART UNIT | ATTACHMENT TO PAPER NUMBER |
|---|---|---|---|---|
| NOTICE OF REFERENCES CITED | | 257,095 | 343 | 24 |
| | | APPLICANT(S): I. Rice | | |

## U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 3273340 | 9/20/66 | Hull | 60 | 39.161 | |
| | B | 3466340 | 12/26/67 | Dupont et al. | 60 | 267 | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

## FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| SIX X | L | 404958 | 6/22/73 | Soviet Union | ——— | 60 | 39.182 | | |
| SEX X | M | 7713915 | 8/13/79 | Sweden | ——— | 60 | 39.182 | | |
| SIX X | N | 1004660 | 3/25/83 | Soviet Union | ——— | 60 | 39.182 | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

## OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | Judge, Arthur W. Gas Turbines for Aircraft Chapman & Hall; London, 1958, pp. 105-106 14 |
| S | |
| T | |
| U | |

| EXAMINER | DATE |
|---|---|
| L. J. Casaregola | 3/29/84 |

* A copy of this reference is not being furnished with this office action. (See Manual of Patent Examining Procedure, section 707.05 (a).)