56. A power producing system as defined in claim 52 or claim 53 wherein said vapor is steam and condensate is water.

57. A power producing system as defined in claim 52 or claim 53 wherein the vapor bottoming portion of said system produces approximately one-third additional power of that produced by the gas turbine alone.

58. A power producing system as defined in claim 52 or claim 53 wherein said intercooler means cools the low pressure compressor discharge air by heat exchange whereby coolant is condensate from the vapor bottoming cycle and whereby said compressed air is cooled partially or totally thereby.

59. A power producing system as defined in claim 53 wherein approximately 10 percent additional gas turbine power is realized by intercooling.

60. A power producing system as defined in claim 52 or claim 53 wherein said gas generator has a total cycle pressure ratio ranging from 30 to 65 atmospheres.

61. A power producing system as defined in claim 52 or claim 53 wherein said gas generator has a preferred low pressure compressor compression ratio of 2 to 2.5.

62. A power producing system as defined in claim 52 or claim 53 wherein said gas generator has a preferred high pressure compressor compression ratio of 18 to 24.

63. A power producing system as defined in claim 53 wherein said gas generator has a preferred total cycle pressure ratio of about 50 atmospheres.

64. A power producing system as defined in claim 52 or claim 53 wherein said high pressure compressor discharge air is raised to a temperature level as high as 2600°F or higher by the gas generator combustor means.

65. A power producing system as defined in claim 53 wherein said power turbine receives said reheated gas at a total pressure ranging from 4 to 9 atmospheres and at a temperature ranging from 1800°F to 2500°F.

~~87.~~ 66. A power producing system as defined in claim ~~73~~ 52 or claim ~~74~~ 53 wherein the airflow ranges from 50 lbs/sec to 500 lbs/sec with a preferred air flow of about 450 lbs/sec.

~~88.~~ 67. A power producing system as defined in claim ~~73~~ 52 or claim ~~74~~ 53 wherein the gas turbine output ranges from 15,000 KW upwards to 200,000 KW with a preferred output being about 150,000 KW.

~~89.~~ 68. A power producing system as defined in claim ~~74~~ 53 wherein additional second load work is produced by said vapor turbine by virtue of the higher temperature of said expanded gas producing a greater mass flow of said vapor.

REMARKS

This preliminary amendment is made as a divisional application of the parent application for Group II claims, the claims presented herein being directed to one of the inventions not elected in the parent application. Figure 6b is again elected as the species. All original claims of Group II have been cancelled and replaced by claims 73 - 89. Claims 5 and 6 have been rewritten as new independent claims 73 and 74. New dependent claims 75 - 89 have been added to include original claims 24, 26, 40 and 45 to provide adequate coverage for inter-related dependent claims of Group I.

Respectfully submitted,

Date: JANUARY 10, 1986

IVAN G. RICE
Applicant
Independent Inventor
P.O. Box 233
Spring, Texas 77383
(713) 353-5040

CERTIFICATE OF MAILING

This is to certify that on this date I deposited this correspondence with the U.S. Postal Service as first-class mail in an envelope addressed to the Commissioner of Patents, Washington D.C. 20231.

IVAN G. RICE
Date: JAN. 10, 1986

Copy from attorney
(Paper #5)

JAN 1987 PAT. & TRADE MARK OFF.

IN THE UNITED STATES PATENT AND TRADE MARK OFFICE

| | |
|---|---|
| In re: Application of: | |
| IVAN G. RICE | |
| Serial No. 818,472 | Group Unit: 343 |
| Filed: January 13, 1986 | Examiner: L. Casaregola |
| For: "COMPRESSION INTERCOOLED GAS TURBINE COMBINED CYCLES" | |

Honorable Commissioner of
Patents and Trademarks
Washington DC 20231

Sir:

In response to the Patent Office Examiner's Action, dated and mailed October 30, 1986, paper number 3:

As indicated to Ms. Velma Collins and to the Examiner by telephone January 21, 1987 a Preliminary Amendment was filed by the applicant in the U.S. Patent Office with subject divisional application and this fact was acknowledged by the Patent Office on the postcard stamped January 13, 1986 by the PTO. Accordingly, when this Preliminary Amendment could not be located by the Patent Office, applicant forwarded an exact duplicate of the Amendment on November 7, 1986 and this fact was acknowledged by the Patent Office on the postcard stamped November 10, 1986. A copy of this stamped confirmation is enclosed. As, per Ms. Collins' call this date, the Patent Office cannot locate this duplicate;

Attached please find another exact copy of this original amendment which was dated and mailed to the U.S. Patent Office January 10, 1986 with the first duplicate forwarded to the Patent Office November 7, 1986. Attached to the amendment is a copy of my November 7, 1986 transmittal document to the Patent Office.

This amendment elects Group II which is the same Group II of the Examiner's Action dated October 30, 1986. The applicant

again elects Group II and also elects Figure 6b as the species. A.so, note that all original claims in Group II, namely 5, 6, 24, 26, 40 and 45 have been canceled and new claims 73 through 89 have been submitted with this Amendment.

The appropriate final drawings in accordance with form PTO rev 8-82 will be submitted after examination of the claims by the Examiner.

The Examiner is thanked for his first Action and; further, action on the merits submitted by the amendment, copy attached, is hereby requested.

Respectfully submitted,

Date: January 21, 1987

IVAN G. RICE
Applicant
Independent Inventor
P.O. Box 233
Spring, Texas 77383
(713) 353-5040

CERTIFICATE OF MAILING

This is to certify that on this date I deposited this correspondence with the U.S. Postal Service as first-class mail in an envelope addressed to the Commissioner of Patents, Washington D.C. 20231

IVAN G. RICE
Date: January 21, 1987

MAIL ROOM JAN 1987 PAT. & TRADE. OFF.

GROUP 340

IN THE UNITED STATES PATENT AND TRADE MARK OFFICE

| | | |
|---|---|---|
| In re Application of: | ) | |
| IVAN G. RICE | ) | Group Unit 343 |
| Serial No. 572,548 | ) | Examiner: L. Casaregola |
| Filed: January 20, 1984 | ) | |
| For: "COMPRESSION INTERCOOLED HIGH CYCLE PRESSURE RATIO GAS GENERATOR FOR COMBINED CYCLES" | ) | |

PRELIMINARY AMENDMENT

Honorable Commissioner of
Patents and Trademarks
Washington DC 20231

Sir:

In response to the Patent Office Communications dated February 11, 1985 and October 11, 1985, please amend the above-identified parent application in consideration of Group II claims as a divisional application as follows:

IN THE SPECIFICATION:

Delete the old Title and Abstract of the disclosure and substitute the following new Title and Abstract:

TITLE

COMPRESSION INTERCOOLED GAS TURBINE
COMBINED CYCLES

ABSTRACT OF THE DISCLOSURE

A compression intercooled gas turbine and vapor bottoming combined cycle system with the gas turbine operating at 30 to 65 atmospheres is disclosed. A twin spool hot gas generator incorporates compression intercooling at the optimum intercooler pressure ratio to (a) minimize intercooler heat rejection degradation, (b) raise the overall cycle pressure ratio,

(c) indrease gas generator core mass flow and (d) to increase gas turbine power output. The gas turbine can operate in either the simple cycle or the reheat cycle mode for optimum combined cycle efficiency. A combined cycle efficiency upwards of 60 percent can be realized.

IN THE CLAIMS

Please cancel claims 5, 6, 24, 26, 40 and 45 classified in class 60, subclass 39.182. Keep all other non-elected claims in abeyance for future divisional disposition.

Please add the following revised and new claims:

73. A power producing combined cycle system wherein a hot gas above atmospheric pressure is produced by means of an open cycle turbo hot gas generator incorporating at least two compressor-turbine spools whereby a low pressure compressor is driven by a low pressure turbine, whereby a high pressure compressor is driven by a high pressure turbine, whereby a compression intercooling means is located between said low and said high pressure compressors and whereby a combustor is positioned between said high pressure compressor discharge and said high pressure turbine inlet thereby raising the temperature of said high pressure compressor discharge air by means of burning a fuel therein said hot gas produced at the low pressure turbine exit being expanded to essentially atmospheric pressure through a power turbine drivingly connected to a first load, said expanded gas being thereafter passed through a heat recovery boiler wherein a high pressure vapor is produced and then expanded through a vapor turbine drivingly connected to a second load before said vapor is condensed by a condenser means for recycle, the system combined cycle improvement being characterized by:

(a) said low pressure compressor having a compression ratio ranging specifically between 1.8 and 3.2;

(b) a means of cooling the low pressure compressor discharge air at said specified pressure ratio before

being further compressed by said high pressure compressor with the intercooling increasing mass flow to the high pressure spool;

(c) the overall compression ratio of said low pressure compressor at the specified ratio and said high pressure compressor being about 30 or higher wherein said high pressure compressor-turbine spool operates at a substantially higher RPM than said low-pressure compressor-turbine spool;

(d) additional work being produced by said power turbine through a reduction of compression work of said high pressure compressor;

(e) the combined cycle efficiency being optimized by means of characterizations a, b, c, and d wherein combined cycle efficiency degradation due to the compression cooling heat loss is minimized.

74. A power producing combined cycle system wherein a hot gas above atmospheric pressure is produced by means of an open cycle turbo hot gas generator incorporating at least two compressor-turbine spools whereby a low pressure compressor is driven by a low pressure turbine, whereby a high pressure compressor is driven by a high pressure turbine, whereby a compression intercooling means is located between said low and said high pressure compressors and whereby a first combustor is positioned between said high pressure compressor discharge and said high pressure turbine inlet thereby raising the temperature of said high pressure compressor discharge air by means of burning a first fuel therein said hot gas produced at the low pressure turbine exit being passed through a diffuser and then through a second combustor thereby raising the temperature of said diffuser exit gas by means of burning a second fuel therein, forming a hot reheated gas at the second combustor exit, said reheated gas being expanded to essentially atmospheric pressure through a power turbine drivingly connected to a first load, said expanded gas being thereafter passed through a heat

recovery boiler wherein a high pressure vapor is produced and ən expanded through a vapor turbine drivingly connected to a second load before said vapor is condensed by a condenser means for recycle, the system combined cycle improvement being characterized by:

(a) said low pressure compressor having a compression ratio ranging specifically between 1.8 and 3.2;

(b) a means of cooling the low pressure compressor discharge air at said specified pressure ratio before being further compressed by said high pressure compressor with the intercooling increasing mass flow to the high pressure spool;

(c) the overall compression ratio of said low pressure compressor at the specified ratio and said high pressure compressor being about 30 or higher wherein said high pressure compressor-turbine spool operates at a substantially higher RPM than said low pressure compressor-turbine spool;

(d) Additional work being produced by said power turbine through a reduction of compression work of said high pressure compressor;

(e) additional work being produced by said power turbine through the increase in inlet temperature to said power turbine,

(f) the combined cycle efficiency being optimized by means of characterizations a, b, c, d and e wherein combined cycle efficiency degradation due to the compression cooling heat loss is minimized.

75. A power producing system as defined in claim 74 wherein combined cycle efficiency levels of 55 to 60 percent lower heating value can be achieved.

76. A power producing system as defined in claim 73 or claim 74 wherein combined cycle efficiency is optimized and degradation caused by the intercooling heat loss is minimized to a value of about 1 percent.

77. A power producing system as defined in claim 73 or claim 74 wherein said vapor is steam and condensate is water.

78. A power producing system as defined in claim 73 or claim 74 wherein the vapor bottoming portion of said system produces approximately one-third additional power of that produced by the gas turbine alone.

79. A power producing system as defined in claim 73 or claim 74 wherein said intercooler means cools the low pressure compressor discharge air by heat exchange whereby coolant is condensate from the vapor bottoming cycle and whereby said compressed air is cooled partially or totally thereby.

80. A power producing system as defined in claim 74 wherein approximately 10 percent additional gas turbine power is realized by intercooling.

81. A power producing system as defined in claim 73 or claim 74 wherein said gas generator has a total cycle pressure ratio ranging from 30 to 65 atmospheres.

82. A power producing system as defined in claim 73 or claim 74 wherein said gas generator has a preferred low pressure compressor compression ratio of 2 to 2.5.

83. A power producing system as defined in claim 73 or claim 74 wherein said gas generator has a preferred high pressure compressor compression ratio of 18 to 24.

84. A power producing system as defined in claim 74 wherein said gas generator has a preferred total cycle pressure ratio of about 50 atmospheres.

85. A power producing system as defined in claim 73 or claim 74 wherein said high pressure compressor discharge air is raised to a temperature level as high as 2600°F or higher by the gas generator combustor means.

86. A power producing system as defined in claim 74 wherein said power turbine receives said reheated gas at a total pressure ranging from 4 to 9 atmospheres and at a temperature ranging from 1800°F to 2500°F.

87. A power producing system as defined in claim 73 or claim 74 wherein the airflow ranges from 50 lbs/sec to 500 lbs/sec with a preferred air flow of about 450 lbs/sec.

88. A power producing system as defined in claim 73 or claim 74 wherein the gas turbine output ranges from 15,000 KW upwards to 200,000 KW with a preferred output being about 150,000 KW.

89. A power producing system as defined in claim 74 wherein additional second load work is produced by said vapor turbine by virtue of the higher temperature of said expanded gas producing a greater mass flow of said vapor.

REMARKS

This preliminary amendment is made as a divisional application of the parent application for Group II claims, the claims presented herein being directed to one of the inventions not elected in the parent application. Figure 6b is again elected as the species. All original claims of Group II have been cancelled and replaced by claims 73 - 89. Claims 5 and 6 have been rewritten as new independent claims 73 and 74. New dependent claims 75 - 89 have been added to include original claims 24, 26, 40 and 45 to provide adequate coverage for inter-related dependent claims of Group I.

Respectfully submitted,

[signature]

Date: January 10, 1986

IVAN G. RICE
Applicant
Independent Inventor
P.O. Box 233
Spring, Texas 77383
(713) 353-5040

CERTIFICATE OF MAILING

This is to certify that on this date I deposited this correspondence with the U.S. Postal Service as first-class mail in an envelope addressed to the Commissioner of Patents, Washington D.C. 20231.

[signature]

IVAN G. RICE
Date: JAN. 10, 1986



G 000288

MAIL ROOM JAN 29 1987 PAT. & TRADE MARK OFFICE

IN THE UNITED STATES PATENT AND TRADE MARK OFFICE

| | | |
|---|---|---|
| In re: Application of: | ) | |
| | ) | |
| IVAN G. RICE | ) | |
| | ) | |
| Serial No. 818,472 | ) | Group Unit 343 |
| | ) | |
| Filed: January 13, 1986 | ) | Examiner: L. Casaregola |
| | ) | |
| For: "COMPRESSION INTERCOOLED GAS TURBINE COMBINED CYCLES" | ) | |

Honorable Commissioner of
Patents and Trademarks
Washington DC 20231

Sir:

In response to the Patent Office Examiner's Action, dated and mailed October 30, 1986, paper number 3:

As indicated to the Examiner by telephone November 3, 1986 a Preliminary Amendment was filed by the applicant in the U.S. Patent Office with subject divisional application and this fact was acknowledged by the Patent Office on the postcard stamped January 13, 1986 by the PTO. A copy of this stamped confirmation is enclosed.

Attached please find a copy of this original amendment which was dated and mailed to the U.S. Patent Office January 10, 1986. This amendment elects Group II which is the same Group II of the Examiner's Action dated October 30, 1986. The applicant again elects Group II and also elects Figure 6b as the species. Also, note that all original claims in Group II, namely 5, 6, 24, 26, 40 and 45 have been canceled and new claims 73 through 89 have been submitted with this Amendment.

The appropriate final drawings in accordance with from PTO rev 8-82 will be submitted after examination of the claims by the Examiner.

The Examiner is thanked for his first Action and, further, action on the merits submitted by the amendment, copy attached, is hereby requested.

Respectfully submitted,

IVAN G. RICE
Applicant
Independent Inventor
P.O. Box 233
Spring, Texas 77383
(713) 353-5040

Date: November 7, 1986

CERTIFICATE OF MAILING

This is to certify that on this date I deposited this correspondence with the U.S. Postal Service as first-class mail in an envelope addressed to the Commissioner of Patents, Washington D.C. 20231.

IVAN G. RICE
Date: November 7, 1986

818472

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| PLEASE REFER TO THE FOLLOWING: | GROUP ART UNIT |
|---|---|
| APPLICANT(S) | |
| SERIAL NUMBER | FILING DATE |
| TITLE | |

**NOTICE OF INSUFFICIENT FEE AND/OR INFORMAL DRAWINGS**

Correction of the informality checked below is required.
APPLICANT IS GIVEN TWO (2) MONTHS WITHIN WHICH TO SUBMIT THE FORMAL DRAWINGS AND / OR FEE to avoid abandonment of the application.

1. ☒ The filing fee of $ 170.00 submitted in this application is insufficient.

A balance of $ 24.00 is due for additional claims or embodiments of a multiple dependent claim.

2. ☐ The photoprints submitted in lieu of formal drawings have been accepted for filing only (Rule 85).

Formal drawings complying with Rule 84 together with the comparison fee of $10 (or authorization to use a deposit account) are required.

The Drafting Division of the Patent and Trademark Office does not have the facilities for preparing new drawings at the present time.

To ensure prompt processing and forwarding of the formal drawings to the examiner, each sheet should include the Serial Number and Group Art Unit in the upper right margin.

Head, Application Branch

**FOR USE IN TRANSMITTING FORMAL DRAWINGS AND / OR FEE**

Check the appropriate box below.

☐ Check for $ __________ enclosed.

☐ Charge $__________ to my Deposit Account No.__________.
Two copies of this letter are enclosed.

Authorized Signature

The above is to cover the

☐ comparison fee.

☐ balance of filing fee due.

Please transmit the formal drawings and / or fee together with a copy of this form.
BE SURE TO ADDRESS THE GROUP ART UNIT SHOWN ABOVE.

RECEIVED

FEB 24 1987 IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

GROUP 340

| | | |
|---|---|---|
| In re: Application of | ) | |
| Ivan G. Rice | ) | |
| Serial No. 818-472 | ) | Group Art Unit: 343 |
| Filed: January 13, 1986 | ) | Examiner: L. Casaregola |
| Entitled: COMPRESSION INTERCOOLED GAS TURBINE COMBINED CYCLES | ) | |

SDF 2/24/87

POWER ~~OF ATTORNEY~~ TO INSPECT AND MAKE COPIES

The Honorable Commissioner
of Patents and Trademarks
Washington D.C. 20231

Sir:

As named Inventor, I hereby appoint the following attorney to inspect, and make any and all copies of any documents in, the files of the above-identified application and the files of named inventor's application no. 572,548 which is now Patent no. 4,592,204:

Stuart D. Frenkel, Registration No. 29,500
5501 Aldrich Lane
Springfield, Virginia 22151.

Ivan G. Rice
Ivan G. Rice
February 18, 1987

SEND ALL CORRESPONDENCE TO:

Ivan G. Rice
P.O. Box 233
Spring, Texas 77383

DIRECT TELEPHONE CALLS TO:

Ivan G. Rice
713-353-5040

Approved
[illegible signature]
2/24/87

RECEIVED
29 1987

IN THE UNITED STATES PATENT AND TRADE MARK OFFICE

| | | |
|---|---|---|
| In re: Application of: | ) | |
| IVAN G. RICE | ) | |
| Serial No. 818,472 | ) | Group Unit: 343 |
| Filed: January 13, 1986 | ) | Examiner: L. Casaregola |
| For: "COMPRESSION INTERCOOLED GAS TURBINE COMBINED CYCLES" | ) | |

Honorable Commissioner of
Patents and Trademarks
Washington DC 20231

Sir:

In response to the Patent Office Examiner's Action, dated and mailed October 30, 1986, paper number 3:

As indicated to Ms. Velma Collins and to the Examiner by telephone January 21, 1987 a Preliminary Amendment was filed by the applicant in the U.S. Patent Office with subject divisional application and this fact was acknowledged by the Patent Office on the postcard stamped January 13, 1986 by the PTO. Accordingly, when this Preliminary Amendment could not be located by the Patent Office, applicant forwarded an exact duplicate of the Amendment on November 7, 1986 and this fact was acknowledged by the Patent Office on the postcard stamped November 10, 1986. A copy of this stamped confirmation is enclosed. As, per Ms. Collins' call this date, the Patent Office cannot locate this duplicate;

Attached please find another exact copy of this original amendment which was dated and mailed to the U.S. Patent Office January 10, 1986 with the first duplicate forwarded to the Patent Office November 7, 1986. Attached to the amendment is a copy of my November 7, 1986 transmittal document to the Patent Office.

This amendment elects Group II which is the same Group II of the Examiner's Action dated October 30, 1986. The applicant

a 'n elects Group II and also elects Figure 6b as the species. Also, note that all original claims in Group II, namely 5, 6, 24, 26, 40 and 45 have been canceled and new claims 73 through 89 have been submitted with this Amendment.

The appropriate final drawings in accordance with form PTO rev 8-82 will be submitted after examination of the claims by the Examiner.

The Examiner is thanked for his first Action and; further, action on the merits submitted by the amendment, copy attached, is hereby requested.

Respectfully submitted,

Date: January 21, 1987

IVAN G. RICE
Applicant
Independent Inventor
P.O. Box 233
Spring, Texas 77383
(713) 353-5040

CERTIFICATE OF MAILING

This is to certify that on this date I deposited this correspondence with the U.S. Postal Service as first-class mail in an envelope addressed to the Commissioner of Patents, Washington D.C. 20231

IVAN G. RICE
Date: January 21, 1987

RECEIVED
FEB 25 1987
GROUP 340

#8
Collins
2-27-87

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of :

Ivan G. Rice :

Serial No. 818,472 : Group Art Unit: 343

Filed: January 13, 1986 : Examiner L. J. Casaregola

COMPRESSION INTERCOOLED HIGH CYCLE PRESSURE GAS GENERATOR FOR COMBINED CYCLES :

LETTER

The Honorable Commissioner
of Patents and Trademarks
Washington, D. C. 20231

Sir:

Enclosed please find a copy of a transmittal form letter for filing a Rule 60 divisional application, a copy of the dated receipt card, and a copy of the filing receipt for the above-identified application, and which documents have been requested by the U.S. Patent and Trademark Office.

Respectfully submitted,

Stuart D. Frenkel

Stuart D. Frenkel
Registration No. 29,500

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

RECEIVED FEB 25 1987 340

Docket No. ____________

Anticipated Classification of this application:

Class 60 Subclass 39.04

Prior application:

Examiner Louis J. Casaregola

Group Art Unit 343

THE COMMISSIONER OF PATENTS
AND TRADEMARKS
Washington, D. C. 20231

Sir:

This is a request for filing a /_/ continuation /XX/ divisional application under 37 CFR 1.60, of pending prior application Serial No. 06/572-548 filed on January 20, 1984 (date) of Ivan G. Rice (inventor currently of record in prior application) for COMPRESSION INTERCOOLED HIGH CYCLE PRESSURE GAS GENERATOR FOR COMBINED CYCLES (title of invention)

1. /XX/ Enclosed is a copy of the prior application including the oath or declaration as originally filed and an affidavit or declaration verifying it as a true copy. (See 8 and 8a for drawing requirements.)

2. /XX/ The filing fee is calculated below:

CLAIMS AS FILED IN THE PRIOR APPLICATION LESS ANY CLAIMS
CANCELLED BY AMENDMENT BELOW

| | Number Filed | Number Extra | Rate | Basic Fee $340.00 |
|---|---|---|---|---|
| Total claims--------- | -20 = | | x $12 = | |
| Independent claims--- | - 3 = | | x $34 = | |
| No Additional Claims Added<br>Total Filing Fee | | | | $340.00 |

3. /XX/ A verified statement that this filing is by a small entity (37 CFR 1.28(a)) is ___ attached X already filed in the parent application

Filing Fee (50% of above) $ 170.00

4. /_7 The Commissioner is hereby authorized to charge any fees which may be required, or credit any overpayment to Account No. ________. A duplicate copy of this sheet is enclosed.

5. /XX7 A check in the amount of $ 170.00 is enclosed.

6. /XX7 Cancel in this application original claims See note at bottom of page* of the prior application before calculating the filing fee. (At least one original independent claim must be retained for filing purposes.)

7. /XX7 Amend the specification by inserting before the first line the sentence: --This is a /_7 continuation, /XX7 division, of application serial no. 06/572,548 filed January 20, 1984 .

8. /_7 Transfer the drawings from the prior application to this application and abandon said prior application as of the filing date accorded this application. A duplicate copy of this sheet is enclosed for filing in the prior application file. (May only be used if signed by person authorized by § 1.138 and before payment of base issue fee.)

8a. /XX7 New formal drawings are enclosed. (7 sheets)

8b. /_7 Priority of application serial no. ________ on ____________ in ____________ (country) is claimed under 35 USC 119.

/_7 The certified copy has been filed in prior application serial no. ________ filed ____________.



* Claims 1-4, 7, 8, 18, 19, 25, 27-30, 32-39, 41-44, 46, 47, canceled and revised to claims 52-72. Allowance given for claims 52-72 in parent application.

9. /_/ The prior application is assigned of record to ______________________________.

10. /XXX/ The power of attorney to the prior application is to The inventor, Ivan G. Rice, is acting on his own behalf.

(name, registration number, and address)

a. /_/ The power appears in the original papers in the prior application.

b. /_/ Since the power does not appear in the original papers, a copy of the power in the prior application is enclosed.

c. /XXX/ Address all future communications to

Ivan G. Rice
P.O. Box 233
Spring, Texas 77383.

(May only be completed by applicant, or attorney or agent of record.)

11. /XXX/ A preliminary amendment is enclosed. (Claims added by this amendment have been properly numbered consecutively beginning with the number next following the highest numbered original claim in the prior application.)

12. /XXX/ I hereby verify that the attached papers are a true copy of prior application serial no. 06/572-548 as originally filed on January 20, 1984.
(date)

The undersigned declare further that all statements made herein of his own knowledge are true and that all statements

made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

January 10, 1986
(date)

(signature)
Ivan G. Rice

Address of signator:

P.O. Box 233
Spring, Texas 77383

[XX] Inventor(s)
[ ] Assignee of complete interest
[ ] Attorney or agent of record
[ ] Filed under § 1.34(a)

LIST OF ENCLOSURES:

1. Preliminary Amendment with new claims 73 - 89
2. 3 sheets Declaration (Notarized January 10, 1986 as true and exact copy of original Declaration)
3. 7 sheets drawings (corrected to IGR/CRK - 0186 1 - 7) (original IGR/CRK - 01 1 - 7)
4. 45 sheets Specifications (copy of original)
5. 1 sheet Abstract (copy of original)
6. 1 sheet Cross References (copy of original)



I do hereby declare that this is a true and exact reproduction of the Transmittal Form letter Document which included declaration that I mailed to the U.S. Patent Office with my Filing Fee, Preliminary Amendment, Declaration, Drawings, Specifications, Abstract and Cross References on January 10, 1986, acknowledged by the Patent Office by stamped post card January 13, 1986.

Ivan G. Rice
Full Name of Inventor

Inventor's Signature

February 10, 1987
Date

NOTARY PUBLIC STATE OF TEXAS

Witnessed By:

DEBBIE KYRLYANGO
Notary Public in State of Texas

RECEIVED
FEB 25 1987
GROUP 340

THE STAMP OF THE US PATENT & TRADEMARK OFFICE PLACED HEREON INDICATES DATE OF RECEIPT OF THE FOLLOWING:

1. Check for Filing Fee
2. Preliminary Amendment, Declaration, Drawings Specifications, Abstract, Cross References

In re: Division of US Patent Application SN 572-548 entitled COMPRESSION INTERCOOLED HIGH CYCLE PRESSURE GAS GENERATOR FOR COMBINED CYCLES

818472

MAIL ROOM
JAN 13 1986
PAT. & TRADEMARK OFF.

THE STAMP OF THE US PATENT & TRADEMARK OFFICE PLACED HEREON INDICATES DATE OF RECEIPT OF THE FOLLOWING:

1. Response to Examiner's Action dated Oct.30,1986
2. Copy of Preliminary Amendment dated Jan.10,1986
3. Copy of stamped USPTO receipt acknowledging receipt of application 818,472

in re: Divisional Application no. 818,472 filed Jan. 13, 1986 entitled: "Compression Intercooled Gas Turbine Combined Cycles

MAIL ROOM
NOV 10 1986
PAT. & TRADE MARK OFF.

FILING RECEIPT

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

RECEIVED

| SER NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 06/818,472 | 01/13/86 | 343 | FEB 25 1987 .00 | 1.258 | 7 | 24 | 1 |

GROUP 340

IVAN G. RICE
P. O. BOX 233
SPRING, TX 77383

MAR 26 REC'D

**Receipt is acknowledged of the patent application identified herein. It will be considered in its order and you will be notified as to the examination thereof. Be sure to give the U.S. SERIAL NUMBER, DATE OF FILING, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this transmittal.**

Applicant(s) IVAN G. RICE, SPRING, TX.

CONTINUING DATA-THIS APPLN IS A DIV OF 06/572,548 01/20/84
WHICH IS A CIP OF 06/047,571 06/11/79 PAT 4,314,442
WHICH IS A CIP OF 06/224,496 01/13/81
WHICH IS A DIV OF 06/954,832 10/26/78 PAT 4,272,953
WHICH IS A CIP OF 06/274,660 06/17/81 PAT 4,384,452
WHICH IS A DIV OF 06/047,571 06/11/79 PAT 4,314,442
WHICH IS A CIP OF 06/416,171 09/09/82
WHICH IS A CIP OF 06/416,172 09/09/82
WHICH IS A CIP OF 06/416,173 09/09/82
WHICH IS A CIP OF 06/416,275 09/09/82
WHICH IS A CIP OF 06/486,334 04/19/83
WHICH IS A CIP OF 06/486,336 04/19/83
WHICH IS A CIP OF 06/486,495 04/19/83

FOREIGN FILING LICENSE GRANTED 02/26/86 * SMALL ENTITY *
TITLE
COMPRESSION INTERCOOLED HIGH CYCLE PRESSURE RATIO GAS GENERATOR

(see reverse)

FILING RECEIPT

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 06/8.6,472 | 01/13/86 | 343 | $ 170.00 | 1.258 | 7 | 24 | 1 |

IVAN G. RICE
P. O. BOX 233
SPRING, TX 77383

PAGE 2

Receipt is acknowledged of the patent application identified herein. It will be considered in its order and you will be notified as to the examination thereof. Be sure to give the U.S. SERIAL NUMBER, DATE OF FILING, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this transmittal.

Applicant(s)

FOR COMBINED CYCLES

(see reverse)

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

In re application of )
Ivan G. Rice )
Serial No. 06/818,472 )
Filed: January 13, 1986 ) FEES 8
For: COMPRESSION INTERCOOLED HIGH )
CYCLE PRESSURE GAS GENERATOR )
FOR COMBINED CYCLES )

In view of the discussions conducted on February 25, 1987, between Mr. Frenkel, examiner Casaregola and Supervisory examiner Croyle relating to the filing fees to be charged in this application, the following determinations have been made:

1) Applicants reference in the preliminary amendment dated January 13, 1986 as to various non-elected claims being held in abeyance has been interpreted as an order to cancel those claims.

2) Claim 1 has been retained in the case for filing purposes.

3) All other claims have been canceled.

4) Newly submitted claims 73-89 have been renumbered as claims 52-68.

5) Inasmuch as applicant has canceled all claims except for the Group II invention, the restriction requirement dated October 30, 1986, is moot.

6) The filing fee has been calculated on the basis of a total of 28 claims, 3 of which are independent (10 of the 15 newly added claims are multiple dependent) and surcharge of $55.00 for having at least one multiple dependent claim. See the attached Patent Application Fee Determination Record (Form PTO-875) which indicates the applicant is required to remit to this Office $103.00 before prosecution can continue.

7) The requirement to remit fees set forth on the Informality Re Payment of Fee form mailed February 4, 1987, is vacated in favor of the newly attached request.

C. R. Croyle

Carlton R. Croyle
Supervisory Patent Examiner
Art Unit 343

Ivan G. Rice
P. O. Box 233
Spring, TX 77383

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 06/818,472 | 01/13/86 | RICE | I | L,258 |

IVAN G. RICE
P. O. BOX 233
SPRING, TX 77383

| EXAMINER | |
|---|---|
| CASAREGOLA,L | |
| ART UNIT | PAPER NUMBER |
| 343 | 9 |

DATE MAILED:

12/22/87

## INFORMALITY RE PAYMENT OF FEE

The informality regarding the payment of the fee in connection with ☑ the original filing fee ☑ the amendment filed *Jan 13, 1986* is indicated below.

**A. FEE DUE**

1. ☐ The amendment is considered incomplete in that the funds in Deposit Account No. ________ are insufficient to cover the entire fee due. The balance is due within the period set below.

2. ☐ The amendment is considered an incomplete response, in that payment of $________ is insufficient to cover the claims as shown in the attached Patent Application Fee Determination Record. Remittance is due within the period set below.

3. ☐ The amendment has not been entered, since applicant has failed to remit (or authorize charge to a Deposit Account) the fee as indicated on the attached Patent Application Fee Determination Record. Remittance or authorization is due within the period set below.

4. ☑ The filing fee of $ *170.00* submitted in this application is insufficient.
   A balance of $ *$103.00* is due for additional claims.

5. ☑

APPLICANT IS GIVEN THE REMAINDER OF THE SET PERIOD FOR RESPONSE, OR ONE (1) MONTH FROM THE DATE OF THIS LETTER, WHICHEVER IS LONGER, WITHIN WHICH TO REMIT THE FEE OF $ *$103.00* .

**B. EXCESS PAYMENT:**

5. ☐ It is noted that payment of $________ is in excess of the amount necessary to cover the claims now in the application. See the attached Patent Application Fee Determination Record.

This matter of refund or credit to your account is being referred to the Finance Officer, for his consideration.

CLERK OF GROUP

PTOL-319 (REV. 3-82)

USCOMM-DC 82-3838-P82

G 000304

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/818,472 | 01/13/86 | RICE | I 1.256 |

IVAN G. RICE
P. O. BOX 233
SPRING, TX 77383

| EXAMINER | |
|---|---|
| CASARECOLA, L | |
| ART UNIT | PAPER NUMBER |
| 343 | 10 |

DATE MAILED:

03-4 ...

INFORMALITY RE PAYMENT OF FEE

The informality regarding the payment of the fee in connection with [x] the original filing fee [x] the amendment filed 1-29-87 is indicated below.

**A. FEE DUE**

1. [ ] The amendment is considered incomplete in that the funds in Deposit Account No. ______ are insufficient to cover the entire fee due. The balance is due within the period set below.

2. [x] The amendment is considered an incomplete response, in that payment of $ 198.00 is insufficient to cover the claims as shown in the attached Patent Application Fee Determination Record. Remittance is due within the period set below. $55.00 for multi claims

3. [ ] The amendment has not been entered, since applicant has failed to remit (or authorize charge to a Deposit Account) the fee as indicated on the attached Patent Application Fee Determination Record. Remittance or authorization is due within the period set below.

4. [ ] ~~The filing fee of $ 170.00~~ submitted in this application is insufficient.
A balance of $ 16.00 is due for additional claims.

5. [ ]

APPLICANT IS GIVEN THE REMAINDER OF THE SET PERIOD FOR RESPONSE, OR ONE (1) MONTH FROM THE DATE OF THIS LETTER, WHICHEVER IS LONGER, WITHIN WHICH TO REMIT THE FEE OF $ 214.00.

**B. EXCESS PAYMENT:**

5. [ ] It is noted that payment of $______ is in excess of the amount necessary to cover the claims now in the application. See the attached Patent Application Fee Determination Record.

This matter of refund or credit to your account is being referred to the Finance Officer, for his consideration.

Velma Collins
CLERK OF GROUP - 343

PTOL-319 (REV. 3-82)

USCOMM-DC 82-3838-P82

MAIL ROOM
MAR 23 1987
47

RECEIVED
GROUP 340

87 APR -7 AM 11:25

#10
4-8-87

IN THE UNITED STATES PATENT AND TRADE MARK OFFICE

| | |
|---|---|
| In re Application of: | |
| IVAN G. RICE | Group Art Unit: 343 |
| Serial No. 818,472 | Examiner: L. Casaregola |
| Filed: January 13, 1986 | |
| For: COMPRESSION INTERCOOLED GAS TURBINE COMBINED CYCLES | |

TRANSMITTAL OF ADDITIONAL FEE

Honorable Commissioner of
Patents and Trademarks
Washington DC 20231

Sir:

In view of the Applicant's conversation on March 17, 1987, by telephone, with Mr. Don Stocking, Director of Group 340, applicant is herewith transmitting the required additional filing fee of $103.00.

Applicant understands from Mr. Stocking that the letter stating requirement of this additional fee, and correcting the wrongful Patent Office letter of February 4, 1987, was supposed to have been forwarded to Applicant by the Patent Office on February 27, 1987; however, Applicant has not ever received the new letter.

100 04/06/87 818472 1 103 103.00 CK

The additional required fee of $103.00 is being paid herewith to prevent abandonment of this application.

Respectfully submitted,

IVAN G. RICE
Applicant
Independent Inventor
P.O. Box 233
Spring, Texas 77383
Telephone: 713-353-5040

Date: March 17, 1987

Attachment: check - $103.00

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/818,472 | 01/13/86 | RICE I. | I-25B |

IVAN G. RICE
P. O. BOX 233
SPRING, TX 77383

| EXAMINER | |
|---|---|
| CASAREGOLA, L | |
| ART UNIT | PAPER NUMBER |
| 343 | 11 |

DATE MAILED: 05/15/87

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

[X] This application has been examined [X] Responsive to communication filed on 1/27/87 [ ] This action is made final.

A shortened statutory period for response to this action is set to expire 3 month(s), ______ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

Part I THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. [X] Notice of References Cited by Examiner, PTO-892.
2. [ ] Notice re Patent Drawing, PTO-948.
3. [X] Notice of Art Cited by Applicant, PTO-1449
4. [ ] Notice of informal Patent Application, Form PTO-152
5. [ ] Information on How to Effect Drawing Changes, PTO-1474
6. [ ] ______

Part II SUMMARY OF ACTION

1. [X] Claims 52 53-68 are pending in the application.

   Of the above, claims ______ are withdrawn from consideration.

2. [ ] Claims ______ have been cancelled.
3. [ ] Claims 52 are allowed.
4. [X] Claims 53-68 are rejected.
5. [ ] Claims ______ are objected to.
6. [ ] Claims ______ are subject to restriction or election requirement.
7. [ ] This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.
8. [ ] Allowable subject matter having been indicated, formal drawings are required in response to this Office action.
9. [ ] The corrected or substitute drawings have been received on ______. These drawings are [ ] acceptable; [ ] not acceptable (see explanation).
10. [ ] The [ ] proposed drawing correction and/or the [ ] proposed additional or substitute sheet(s) of drawings, filed on ______, has (have) been [ ] approved by the examiner. [ ] disapproved by the examiner (see explanation).
11. [ ] The proposed drawing correction, filed ______, has been [ ] approved. [ ] disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.
12. [ ] Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has [ ] been received [ ] not been received [ ] been filed in parent application, serial no. ______; filed on ______.
13. [ ] Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. [ ] Other

In response to the restriction requirement of 10/20/86, applicant has elected the power plant of Group II. The original claims of Group II have been cancelled and replaced with new claims 73-89, which have been renumbered 52-68 so as to immediately follow the 51 claims that were originally filed. The claims of Groups I, III, IV, and V have also been cancelled. An action on the merits of the elected claims is set forth herein below.

Claims 52-68 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. The claims are replete with language stating desired values for operating parameters or performance goals and other functional material that has no basis in terms of positively claimed structure. A ~~member~~ number of the claims recite preferred ranges of values for operating parameters such as compression ratio, turbine inlet temperature, efficiency, power output, etc. Many of the claimed values appear to be within the limits of existing gas turbine systems. To the extent however that applicant is relying on such items to define patentable novelty, they are totally inappropriate since there are no claimed structural features that would render the inventive gas turbine system any more capable of meeting the desired performance figures then structurally similar prior art systems.

It is also noted that claims 54, 55, 57, and 59-68 are in violation of 37 CFR 1.75 (c) as well as 35 USC 112. The former requires that a dependent claim must further limit its parent claim(s). The above cited claims merely add numerical performance goals or the like without introducing any further structural features. Apparatus claims, such as those at issue here, require limitations based on positively claimed structure. Any dependent claim which includes no additional structure therefore cannot reasonably be construed as further limiting its parent claim.

In claims 57 and 58, respective references to "the vapor bottoming portion" ~~and "the vapor bottoming cycle"~~ lack proper antecedent basis. Note also that language in claim 58 requiring the compressed air heat exchange coolant to be condensate from the bottoming cycle is purely functional. The claims lacks appropriate structure (i.e. ducting or flow lines) connecting the air cooler with the flow system for the vapor cycle.

Claims 52-68 are rejected under 35 U.S.C. 103 as being unpatentable over any of Jung et al, Larrecq, or Schutte (German specification 975,151) in view of the Industrial Gas Turbine Handbook and Directory, and Treager.

Each of the primary references discloses a gas turbine system having ~~a~~ high and low pressure compressor-turbine spools, a separate power turbine, and an intercooler between the low and high pressure compressors; see elements 19-23, 27 and 28 of Jung, elements 10, 12, 13, 18, 20, and 22

of Larrecq, and elements 1-8, 12, and 15 of Schutte. Jung and Schutte are both directed to combined cycle plants ~~in~~ which include steam power cycles in addition to gas turbines. Larrecq discloses only a gas turbine plant but it would certainly be obvious to one skilled in the art that Larrecq's plant could form a subcombination in any larger system that would employ a gas turbine, such as a combined cycle plant. Furthermore, it is pointed out that most of the claims can be met by prior art that does not include a steam or vapor cycle. Applicant is advised that since these claims are in Jepson format, those features recited in the preamble but not further mentioned in the main body (i.e improvement portion) of the claims carry no weight.

Additional reference is made to Schutte for the disclosure of reheat combustor 16, upstream of power turbine 18. Such a feature,however, is not actually required to meet any the claims since it appears to be limited to the preamble of claim 53.

As was indicated by the §112 rejection above, in the absence of distinguishing structure, the various claimed values for operating parameters, performance goals, etc. cannot be construed as defining over otherwise similar prior art. As was further pointed out, however, most of the claimed figures appear to within the operating limits of existing gas turbine apparatus.

By way of example, a portion of the Industrial Gas Turbine Handbook and Directory is cited as disclosing specifications for a number of gas turbine engines, which specifications meet several of the performance figures recited in the claims. Attention is called to the power ratings, pressure ratios, and air flow rates of those engines designated in red.

The Treager publication is cited merely as a background reference to underscore the fact that it is conventional for the high pressure compressor spool of a given engine to operate at a higher speed than the related low pressure spool.

Fletcher, Blackwell et al, and Sens are cited as further examples of twin spool gas turbine engines.

The drawing in this case is objected to under 37 CFR 1.83(a) which requires that all features included in the claims also be included in the drawing. The various components of the steam power cycle do not appear anywhere in the existing drawing figures.

L. CASAREGOLA:pks
703-557-3424
5-12-87

L. J. Casaregola
LOUIS J. CASAREGOLA
PRIMARY EXAMINER
ART UNIT 343

FORM PTO-892 (REV. 3-78) U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE

NOTICE OF REFERENCES CITED

SERIAL NO. 251,076 ~~818472~~ | GROUP ART UNIT 343 | ATTACHMENT TO PAPER NUMBER 11

APPLICANT(S) I. Rice

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 2625012 | 1/13/53 | Larrecq | 60 | 39.181 | |
| | B | 2645412 | 7/14/53 | Sens | 60 | 39.161 | |
| | C | 2722862 | 11/8/55 | Blackwell et al. | 60 | 39.161 | |
| | D | 2748566 | 6/5/56 | Fletcher | 60 | 39.161 | |
| | E | 3289402 | 12/6/66 | Jong et al. | 60 | 39.182 | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| DE X | L | 975151 | 9/7/61 | Germany | Schotte | 60 | 39.182 | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

R Gas Turbine World, Industrial Gas Turbine Handbook & Directory, 1976, pp. 52-53

S Treager, Irwin E. Aircraft Gas Turbine Engine Technology, McGraw-Hill, 1970, p. 28

T

U

EXAMINER: L. J. Casaregola | DATE: 4/29/87

* A copy of this reference is not being furnished with this office action. (See Manual of Patent Examining Procedure, section 707.05 (a).)

BUNDESREPUBLIK DEUTSCHLAND

AUSGEGEBEN AM 7. SEPTEMBER 1961

GERMANY DIV.

DEUTSCHES PATENTAMT

# PATENTSCHRIFT

№ 975 151

KLASSE 46f GRUPPE 340

INTERNAT. KLASSE F 02 c

H 21452 Ia/46f

Dr.-Ing. Alfred Schütte, Kassel
ist als Erfinder genannt worden

Henschel-Werke G.m.b.H., Kassel

## Gasturbinenanlage mit Druckgaserzeuger

Patentiert im Gebiet der Bundesrepublik Deutschland vom 11. September 1954 an
Patentanmeldung bekanntgemacht am 12. Januar 1956
Patenterteilung bekanntgemacht am 17. August 1961

Die Gasturbine hat in der Hauptsache nur dann Aussicht, in großen Kraftzentralen zur Stromerzeugung herangezogen zu werden, wenn es gelingt, Kohle als Brennstoffbasis zu benutzen. Als ein sehr vorteilhafter Weg zum Erreichen dieses Zieles hat sich die Druckvergasung der Kohle erwiesen. Das erzeugte Gas wird in den Brennkammern der Gasturbine verbrannt. Bei diesem Verfahren hat man noch die Möglichkeit, die in der Kohle enthaltenen Wertstoffe, wie Teer, Öl und Benzin, zu gewinnen. Bei der Druckvergasung werden die Abmessungen des Vergasers wesentlich kleiner oder man erhält bei gegebener Größe des Vergasers eine größere Gasmenge als bei einem atmosphärischen Vergaser.

Man kann nun durch entsprechende Wahl der Gaseintrittstemperatur in die Turbine durch Anordnung von Zwischenkühlungen während der Verdichtung und von Zwischenverbrennungen während der Dehnung das günstigste Druckverhältnis der Gasturbine dem Druck im Druckvergaser angleichen, so daß ein besonderer Gasverdichter überflüssig wird.

Als Vergasungsmittel werden beim Druckvergaser für Gasturbinen Luft und Wasserdampf verwendet. Ein Teil des erforderlichen Wasserdampfes wird im Wassermantel des Druckvergasers erzeugt. Der restliche Teil muß in einem besonderen Kessel erzeugt werden, der z. B. von den Abgasen

der Gasturbine beaufschlagt oder sonstwie beheizt wird. Die Abgase der Gasturbine werden allerdings zum Vorwärmen der verdichteten Luft benötigt, um einen günstigen Wirkungsgrad der Gasturbinenanlage zu erhalten. Die Abzweigung von Abgas[illegible] zur Dampferzeugung bedeutet also einen Verlust für die Gasturbine.

Die Erfindung geht aus von einer Gasturbinenanlage mit Druckvergaser, bei der mindestens eine Turbine für hohe Gastemperaturen mit einem an sich bekannten wassergekühlten Läufer ausgerüstet ist, und der erzeugte Wasserdampf dem Druckvergaser als Vergasungsmittel zugeführt wird.

Es sind nun schon derartige Anlagen bekanntgeworden, bei denen der in einem gekühlten Gasturbinenläufer erzeugte Dampf für den Druckvergaser nutzbar gemacht wird. Hierbei wird aber der Dampf der verdichteten Vergasungsluft, die ohne vorherige Vorwärmung von einem Zusatzverdichter geliefert wird, vor Eintritt in den Druckvergaser beigemischt.

Das Dampf-Luft-Gemisch tritt dabei mit einer verhältnismäßig niedrigen Temperatur in den Druckvergaser ein. Erwünscht ist jedoch eine möglichst hohe Temperatur.

Es ist weiter eine Gasturbinenanlage mit Druckgaserzeuger bekannt, bei der der aus dem Turbinenläufer austretende Wasserdampf der für den Druckvergaser bestimmten verdichteten, ohne vorheriges Vorwärmen von einem Zusatzverdichter gelieferten Vergasungsluft vor deren Eintritt in den Druckvergaser beigemischt wird. Die Temperatur des den Turbinenläufer verlassenden und dem Druckvergaser unmittelbar zugeführten Dampfes ist dabei abhängig von der Belastung der Turbine.

Nach der Erfindung wird nun der im Turbinenläufer erzeugte Dampf vor seinem Eintritt in den Druckvergaser in einem von den Abgasen der Niederdruckturbine beaufschlagten Wärmeaustauscher überhitzt.

Dadurch wird den bekannten Anlagen gegenüber der wesentliche Vorteil erzielt, daß die Temperatur des dem Druckvergaser zuzuführenden Dampfes bei jeder Belastung der Anlage durch Nachüberhitzen des aus dem gekühlten Turbinenläufer austretenden Dampfes auf einen für den Druckvergaser günstigen Wert gehalten werden kann, indem entsprechend der geforderten Nachüberhitzung die Temperatur der Niederdruckabgase durch Regeln der Zwischenbrennkammerbeschickung geändert wird.

Der Mehrverbrauch an Brennstoff in der Zwischenbrennkammer verschlechtert aber den Gesamtwirkungsgrad der Anlage nicht, da die zusätzliche Wärmeenergie durch Aufheizen der Verbrennungsluft im Wärmeaustauscher zum großen Teil wieder zurückgewonnen wird.

In Weiterbildung der Erfindung wird die Niederdruckgasturbine mit einem gekühlten Läufer ausgerüstet. Bei der dann ermöglichten hohen Gaseintrittstemperatur in diese Turbine besitzen die Abgase der Turbine noch eine hohe Temperatur, die eine ausreichende Überhitzung des den Läufer verlassenden Dampfes vor dem Eintritt in den Druckvergaser gewährleistet.

Wenn der Dampfdruck im gekühlten Gasturbinenläufer höher ist als der Druck im Druckvergaser, wird in Fortführung der Erfindung der Dampf vor seinem Eintritt in den Überhitzer in eine Dampfturbine geleitet, in der er auf den für den Druckvergaser erforderlichen Druck entspannt wird. Hierbei wird also das Druckgefälle zwischen dem im gekühlten Gasturbinenläufer herrschenden Druck und dem Druck des Druckvergasers zur Energieleistung herangezogen.

Falls die Dampferzeugung in der oder den gekühlten Gasturbinenläufern den zusätzlichen Dampfbedarf der Druckvergaser übersteigt, kann in Weiterbildung der Erfindung bei dem dem Druckvergaser entsprechenden Druck eine Zwischendampfentnahme vorgenommen werden, während der restliche Teil des Dampfes weiter expandiert und gegebenenfalls in einem Kondensator niedergeschlagen wird.

In der Zeichnung ist eine erfindungsgemäße Anlage schematisch dargestellt. Der Verdichter 1 saugt durch das Rohr 2 aus der Atmosphäre Luft an und drückt sie über den Zwischenkühler 3 dem Verdichter 4 zu. Von hier wird die Luft über einen zweiten Zwischenkühler 5 dem Verdichter 6 zugeleitet. Sie strömt dann über den Zwischenkühler 7 in den Verdichter 8. Die Hauptmenge der Luft wird durch den Wärmeaustauscher 9 zur Brennkammer 10 geleitet. Ferner wird durch die Leitung 11 Brenngas in die Brennkammer 10 eingeleitet und verbrannt. Die erzeugten Verbrennungsgase beaufschlagen die Turbine 12, die die beiden Verdichter 6 und 8 antreibt. Nach Verlassen der Turbine 12 treten die Verbrennungsgase mit durch die Entspannung verringertem Druck und Temperatur in die Zwischenbrennkammer 13, wo sie durch zusätzliche Verbrennung von Brenngas, das durch die Leitung 14 eingeführt wird, auf eine höhere Temperatur gebracht werden. Daraufhin beaufschlagen die Verbrennungsgase die Turbine 15, die die Verdichter 1 und 4 antreibt. Die Verbrennungsgase werden anschließend in einer zweiten Zwischenbrennkammer 16, in der wiederum durch die Leitung 17 zugeführtes Brenngas verbrannt wird, in ihrer Temperatur erhöht und beaufschlagen die Turbine 18, die beispielsweise einen elektrischen Stromerzeuger 19 antreibt. Nach völliger Entspannung strömen die Abgase durch die Leitung 20 zum Wärmeaustauscher 9, den sie durch die Leitung 21 in die Atmosphäre verlassen.

Mit der Turbine 12 ist noch eine Dampfturbine 22 gekuppelt, die mit dem im gekühlten Läufer der Turbine 12 erzeugten Dampf gespeist wird. Das Wasser für die Läuferkühlung der Turbine 12 wird der hohlen Welle durch die Leitung 23 zugeführt. In der Turbine 22 wird der Dampf auf einen Druck, der um die Druckverluste des Druckvergasers und Überhitzers höher ist als der Druck des erzeugten Brenngases, entspannt und gelangt durch die Leitung 24 zu dem vor dem Wärmeaustauscher 9

angeordneten Überhitzer 25 und von hier durch die Leitung 26 zum Druckvergaser 27. Die Turbine 12 treibt noch einen kleinen Verdichter 28 an, dem ein Teil der vom Verdichter 8 geförderten Luft durch die Leitung 29 zugeleitet wird. Die weiterverdichtete Luft gelangt als Vergasungsmittel durch die Leitung 30 in den Druckvergaser 27. Das im Druckvergaser erzeugte Brenngas wird durch die Leitung 31 auf die drei Zuführungsleitungen 11, 14 und 17 der Brennkammern 10, 13 und 16 verteilt. Das Kühlwasser für die Zwischenkühler 3, 5 und 7 wird durch die Leitungen 33, 34 und 35 der Hauptkühlwasserleitung 32 entnommen und durch die Leitungen 36, 37 und 38 der Hauptabflußleitung 39 zugeführt.

## Patentansprüche:

1. Gasturbinenanlage mit Druckgaserzeuger, bei der wenigstens eine Turbine zur Ermöglichung hoher Gaseintrittstemperaturen mit einem wassergekühlten Läufer ausgerüstet ist und bei der dem Druckgaserzeuger neben Luft als Vergasungsmittel noch aus dem Kühlwasser durch die aus dem gekühlten Turbinenläufer abgeführte Wärme und durch Gasturbinenabgaswärme erzeugter Wasserdampf zugeführt wird, dadurch gekennzeichnet, daß der den gekühlten Gasturbinenläufer verlassende Dampf vor Eintritt in den Druckgaserzeuger in einem Wärmeaustauscher überhitzt wird, der von den Abgasen einer mit gekühltem Läufer ausgestatteten Niederdruckturbine beaufschlagt wird.

2. Gasturbinenanlage nach Anspruch 1, dadurch gekennzeichnet, daß der Dampf zwischen dem gekühlten Gasturbinenläufer und dem Überhitzer in einer Dampfturbine auf den für den Druckvergaser erforderlichen Druck entspannt wird.

3. Gasturbinenanlage nach Anspruch 1, dadurch gekennzeichnet, daß bei Dampfüberschuß der für den Druckgaserzeuger benötigte Dampf der Dampfturbine bei dem entsprechenden Druck abgezapft wird, während der restliche Teil vollkommen entspannt und gegebenenfalls in einem Kondensator niedergeschlagen wird.

In Betracht gezogene Druckschriften:
Deutsche Patentschriften Nr. 909 268, 841 084.

Hierzu 1 Blatt Zeichnungen

● 509 628/248 1.56
(509 654/6 8.61)

ᒣEC 2

# Aircraft Gas Turbine Engine Technology

**IRWIN E. TREAGER**
*Associate Professor, Department of Aviation Technology*
*Purdue University*

**McGRAW-HILL BOOK COMPANY**
*New York St. Louis San Francisco London*
*Sydney Toronto Mexico Panama*

4/15/86
TL
709.5.T87
T7
1970

**Aircraft Gas Turbine Engine Technology**

Copyright © 1970 by McGraw-Hill, Inc. All rights reserved. Printed in the United States of America. No part of this publication may be reproduced, stored in a retrieval system, or transmitted, in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of the publisher.

*Library of Congress Catalog Card Number* 69-17193
65128
1234567890 HDBP 7654321069

This book was set in Optima by Progressive Typographers, and printed on permanent paper by Halliday Lithograph Corporation, and bound by The Book Press, Inc. The designer was Edward Zytko; the drawings were done by J. & R. Technical Services, Inc. The editors were Cary F. Baker, Jr. and Albert Shapiro. William P. Weiss supervised the production.



(a)



(b)



(c)

**FIG. 2-18** *The Pratt & Whitney TF30.* **(a)** *External view.* **(b)** *Sectioned view.* **(c)** *General Dynamics F-111 with two Pratt & Whitney TF30 engines. In this view the wings are partially swept.* *(Continued on following page.)*

**PRATT & WHITNEY TF30** *(Fig. 2-18)*

The Pratt & Whitney TF30 is a two-spool turbofan engine. The fan has three stages and is connected to the low-pressure compressor which has six stages. Together they rotate at 9300 rpm. The high-pressure compressor has seven stages, and rotates at 14,500 rpm. Mass airflow through the fan is 141 lb/sec with a compression ratio of 2:1. Mass airflow through the compressor is 129 lb/sec, with a compression ratio of 17:1. The engine is equipped with a can-annular combustion chamber having eight flame tubes. The low-pressure compressor and fan are driven by the second-, third-, and fourth-stage turbine wheels, and the high-pressure compressor is driven by the first-stage turbine wheel. Specific fuel consumption is 0.8 to 1.8 lb/(lbt)(hr), depending upon whether the engine is equipped with an afterburner. Weights range from 2500 to 4100 lb and thrust from 11,500 to 21,000 lb, depending upon configuration.

Gas Turbine World

# INDUSTRIAL GAS TURBINE HANDBOOK & DIRECTORY



A Pequot Publication

1976

STLV ★ Q52 G4976B/30 ★SW 7713-915
Combined gas turbine and steam turbine system - uses exhaust gas from gas turbine to heat steam generator, and has separate compressor units driven by respective turbines
STAL-LAVAL TURBIN A 08.12.77-SW-013915
(09.07.79) F02c-07
The system includes a combustion chamber (3), a gas turbine (4-6), a steam generator heated by exhaust gas (8) and a steam turbine (9, 10).




Its compressor appts. com-prises a first part (1, 2) driven by the gas turbine and a second part (11) driven by the steam turbine.

8.12 77 as 013915 (1407).

SVERIGE (B) (11) UTLÄGGNINGSSKRIFT 7713915-2

(19) SE (51) Internationell klass² F 01 K 23/00 // F 02 C 7/00

(44) Ansökan utlagd och utläggningsskriften publicerad 79-08-13 Publiceringsnummer 409 344

(41) Ansökan allmänt tillgänglig 79-06-09

(22) Patentansökan inkom 77-12-08

PATENT- OCH REGISTRERINGSVERKET

(30) Prioritetsuppgifter

(32) Datum (33) Land (31) Nr

– – –

Siffrorna inom parentes anger internationell identifieringskod, INID kod. Bokstav inom klammer anger internationell dokumentkod

(71) Sökande: STAL-LAVAL TURBIN AB, FINSPÅNG, SE
(72) Uppfinnare: M Vlasåk, Lotorp
(74) Ombud: Nordholm
(54) Benämning: Kombinerad gasturbin- och ång-turbinanläggning

Föreliggande uppfinning avser en kombinerad gasturbin- ångturbinanläggning enligt ingressen i bif patentkrav.

Vid konstruktion av gasturbiner har man flera problem att ta hänsyn till och som i någon mån rent principiellt hindrar att man kan få fram den idealiska turbinen beträffande konstruktion och verkningsgrad. Det gäller å ena sidan att få fram tillräckligt med luft till turbinens brännkammare och eventuellt för överladdning av turbinen utan att behöva överdimensionera turbinens kompressor och dess effektbehov, och det gäller å andra sidan att utnyttja energin i de heta gaserna så långt som möjligt och därmed få god verkningsgrad utan att behöva bygga ut turbinstegen i det orimliga.

För det första villkoret skulle man kunna tänka sig en hjälpkompressor driven av en lämplig kraftkälla och i det andra fallet har det föreslagits att utnyttja restvärmet i avgaserna för uppvärmning exempelvis av en ångpanna.

Föreliggande uppfinning avser att kombinera dessa möjligheter genom att låta ångpannan driva en ångturbin och låta denna ångturbin driva en hjälpkompressor såsom framgår av bif patentkrav.

På så vis kan man genom lämpligt val och dimensionering av anläggningens olika delar uppnå en gynnsam kompromiss så att god verkningsgrad erhålles med rimliga anläggningskostnader.

Uppfinningen skall för övrigt närmare förklaras under hänvisning till bif ritning, där fig 1 och 2 visar två olika utformningar av en anläggning enligt uppfinningen.

Som framgår är kombinationen av grundelement densamma i båda figurerna.

Gasturbinen består av en lågtryckskompressor 1, högtryckskompressor 2, brännkammare 3, högtrycksturbin 4, lågtrycksturbin 5 och kraftturbin 6 som driver en elgenerator 7. Avgaser från kraftturbinen 6 förs till en avgaspanna 8 och sedan till en skorsten. Ångan från avgaspannan 8 går till en ångturbin, som i detta fall är delad i två delar 9, 10. Högtrycksdelen 9 driver en hjälpkompressor 11, lågtrycksdelen 10 en mindre elgenerator 12. Från ångturbinen 10 går ångan till en kondensor 18.

I fig 1 är gasturbinen försedd med vanliga avtappningar från huvudkompressorerna 1, 2 och avtappad kylluft förs till olika ställen i turbinen med hjälp av inner- och ytteröverföringar 13. Luften från hjälpkompressorn 11 förs till brännkammaren 3 genom ledningen 14. I fig 2 finns inga avtappningar från huvudkompressorerna 1, 2, all luft går genom brännkammaren 3 och kylluft för överladdning på olika ställen i gasturbinen tas från hjälpkompressorn 11 med hjälp av ledningar 15, 16, 17.

Man kan också ta en del av kylluften från huvudkompressorerna 1, 2 och en annan del från hjälpkompressorn 11. Bara en del av tryckluften från hjälpkompressorn 11 förs då till brännkammaren 3.

Som framgår ger uppfinningen stora valfriheter i fördelningen av kompressoreffekt och uteffekt mellan de två turbinerna, vilket är av betydelse vid konstruktionen av sådana anläggningar för varierande effektbehov samtidigt som anläggningen får god värmeekonomi.

För att i en given anläggning kunna ändra driftsförhållandena är ångturbinen 9, 10 lämpligen försedd med utlösbara kopplingar 19, 20 till kompressorn 11 och generatorn 12.

PATENTKRAV

1. Kombinerad gasturbin- ångturbinanläggning omfattande kompressoranläggning, brännkammare (3), gasturbin (4-6), en avgasångpanna (8) och en ångturbin (9, 10), varvid åtminstone gasturbinen är anordnad att lämna uteffekt (7) för anläggningen, k ä n n e t e c k n a d därav, att kompressoranläggningen omfattar två delar (1, 2 resp 11) driven av gasturbinen resp ångturbinen och att en del av kompressorluften används för överladdning av gasturbinen.

2. Kombinerad anläggning enligt patentkrav 1, k ä n n e t e c k n a d därav, att luften för överladdning av gasturbinen (4-6) tas ut från gasturbinens kompressor (1, 2).

3. Kombinerad anläggning enligt patentkrav 1, k ä n n e t e c k n a d därav, att luften för överladdning av gasturbinen (4-6) tas ut från ångturbinens (9, 10) kompressor (11).

4. Kombinerad anläggning enligt patentkrav 1, k ä n n e t e c k n a d därav, att såväl kompressorer (1, 2, resp 11) som gasturbin (4-6) är uppdelade i flera steg för överladdning av olika steg av gasturbinen från olika kompressorsteg.

5. Kombinerad anläggning enligt patentkrav 1, k ä n n e t e c k n a d därav, att både gasturbin (4-6) och ångturbin (9, 10) är anordnade för att lämna uteffekt (7, 12).

6. Kombinerad anläggning enligt patentkrav 1 eller 5, k ä n n e t e c k n a d därav, att ångturbinen (9, 10) är ansluten till de av den drivna anordningarna (11, 12) över utlösbara kopplingar (19, 20).

ANFÖRDA PUBLIKATIONER:

7713915-2

Fig. 1




Fig. 2



MAIL ROOM JUL 13 1987 PAT & TRADE MARK

34C 041 E71DA

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Regard Application of: )
Ivan G. Rice )
Serial Number 818,472 ) Group Art Unit: 343
Filed January 13, 1986 ) Examiner: L. Casaregola

Bueding 7-21-87

COMPRESSION INTERCOOLED GAS TURBINE COMBINED CYCLE

Honorable Commissioner of
Patents and Trademarks
Washington D.C. 20231

Sir:

AMENDMENT

This letter is submitted in response to the Patent Office Action mail-dated May 15, 1987. The renumbered claims of 52-68 are acknowledged. However, kindly note that form PTOL-326 (Rev. 7-82) omits claim 52 - which is assumed to be in error. Please amend the above-identified application as instructed following. It should be noted that the application is being prosecuted by the Inventor himself without assistance from any patent agent or patent attorney. The Examiner is thanked for his examination of the application, and the Inventor will respond hereby to the Examiner's Action. Action on the merits of the amendment herein is respectfully requested.

IN THE CLAIMS

Please cancel all claims now under consideration which are the renumbered claims 52-68.

Then, in view of the Examiner's Action, please add the following revised claims:

---

B1

69. A power producing system comprising a compression intercooled open cycle gas turbine useable for combined cycle operation with a heat recovery boiler means and a bottoming vapor or steam turbine means, said gas turbine having a twin spool gas generator and a power turbine, said gas generator further having a low pressure compressor driven by a low pressure turbine, a high pressure compressor driven by a high pressure turbine, an

intercooler means positioned between said low pressure compressor and said high pressure compressor and a combustor positioned between said high pressure compressor and said high pressure turbine, the improvement being characterized in that:

(a) said twin spool gas generator has adjacent independently rotating said high and low pressure turbines driving said high and low pressure adjacent compressors respectively by means of concentric coaxial outer and inner shafting respectively wherein compressor outlet and return ducts and connections thereto are provided between said adjacent low and high pressure compressors for air flow to and from said intercooler means,

(b) said intercooler means cools said low pressure compressor compressed air to reduce compression work,

(c) said gas generator exhausts into said power turbine to produce useful work.

Sub E

B' (Cont)

70. The power producing system as defined in the preamble of claim 69 the improvement of increasing gas turbine output at a near maximum incremental efficiency being characterized in that:

(a) said low pressure compressor compresses air to a pressure ratio ranging from about 1.8 to about 3.2 wherein the compression work reduced by said intercooler means and made available to said power turbine when divided by the additional heat required to raise the temperature of said high pressure compressor discharge air by said combustor to the same final said high pressure turbine inlet temperature and pressure without said intercooler means provides an optimum and near maximum incremental efficiency of incremental work gained for incremental heat added,

(b) said low pressure compressor and said high pressure compressor in series combination compresses air to an overall pressure ratio ranging from about 35 to about 65,

(c) said intercooler means cools said low pressure compressor discharge air to an approach temperature of about 90°F or less to that of the ambient inlet air temperature and said intercooler means pressure drop is approximately 3%.

71. The power producing system as defined in claim 69 includes a heat recovery boiler means wherein said simple cycle gas turbine exhausts into said heat recovery boiler means producing steam for expanding in a steam turbine or vapor turbine means to form a combined cycle.

72. A power producing system comprising a compression intercooled open cycle gas turbine useable for combined cycle operation with a heat recovery boiler means and a vapor or bottoming steam turbine means, said gas turbine having a twin spool gas generator, a reheat combustor and a power turbine, said gas generator further having a low pressure compressor driven by a low pressure turbine, a high pressure compressor driven by a high pressure turbine, an intercooler means positioned between said low pressure compressor and said high pressure compressor and a first combustor positioned between said high pressure compressor and said high pressure turbine, the improvement being characterized in that:

B' (Cont)

(a) said twin spool gas generator has adjacent independently rotating said high and low pressure turbines driving said high and low pressure adjacent compressors respectively by means of concentric coaxial outer and inner shafting respectively wherein compressor outlet and return ducts and connections thereto are provided between said adjacent low and high pressure compressors for air flow to and from said intercooler means,

JHR July 9 '87

(b) said intercooler means cools said low pressure compressor compressed air to reduce compression work,

(c) said gas generator exhausts into said reheat combustor which then exhausts into said power turbine to produce useful work.

7. The power producing system as defined in the preamble of claim 72, the improvement of increasing reheat gas turbine output at near maximum incremental efficiency being characterized in that:

(a) said low pressure compressor compresses air to a pressure ratio ranging from about 1.8 to about 3.2 wherein the compression work reduced by said intercooler means and made available to the said power turbine when divided by the additional heat required to raise the temperature of said high pressure compressor discharge air by said first combustor to the same final said high pressure turbine inlet temperature and pressure without said intercooling means provides an optimum and near maximum incremental efficiency of incremental work gained for incremental heat added,

JTR
July 9 1987

E

(b) said low pressure compressor and said high pressure compressor in series combination compresses air to an overall pressure ratio ranging from about 35 to about 65,

B'
(Cont)

(c) said intercooler means cools said low pressure compressor discharge air to an approach temperature of about 90°F or less to that of the ambient inlet air temperature and said intercooler means pressure drop is approximately 3%.

74. The power producing system as defined in claim 72 includes a heat recovery boiler means wherein said reheat gas turbine exhausts into said heat recovery boiler means producing steam for expanding in a steam turbine or vapor turbine means to form a combined cycle.

75. The power producing system as defined in claim 69 or 72 wherein said gas generator combustor outlet temperature and resulting said high pressure turbine inlet temperature ranges from about 2400°F to 2600°F.

E

76. The power producing system as defined in claim 71 with said gas generator turbines incorporating nozzle vanes and

r' 'ting blades, wherein steam from said heat recovery boiler means is introduced to said gas generator and is used to internally and externally cool said turbine nozzle vanes and said rotating blades and thereafter is injected to the main gas stream to be expanded to produce said power turbine work.

77. The power producing system as defined in claim 74 with said gas generator turbines incorporating nozzle vanes and rotating blades wherein steam from said heat recovery boiler means is introduced to said gas generator and is used to internally and externally cool said turbine nozzle vanes and said rotating blades and thereafter is injected to the main gas stream to be expanded to produce said gas generator compressor work, is then reheated in said reheat combustor to be further expanded to produce said power turbine work.

78. The power producing system as defined in claim 72 wherein said reheat combustor outlet temperature and resulting said power turbine inlet temperature ranges from about 2100°F to 2400°F.

79. The power producing system as defined in claim 74 incorporates a condenser means wherein said heat recovery boiler means produces steam conditions of 2400 psig and 1000°F inlet and 1000°F steam reheat.

B' (Cont)

80. The power producing system as defined in claim 74 incorporates a condenser means wherein said heat recovery boiler means produces steam conditions of 2400 psig and 1100°F inlet, 1050°F steam reheat and 850°F steam second reheat.

81. The power producing system as defined in claim 79 or 80 wherein said intercooler means cools said low pressure compressor discharge air partially or fully by heat exchange means whereby the coolant is condensate from said condenser means.

82. The power producing system as defined in claim 76 or 77 wherein said intercooler means cools said low pressure compressor discharge air partially or fully by heat exchange means whereby the coolant is make-up water thereby heated to replenish said

no `e vanes and said rotating blade cooling steam weight flow lost to the main gas stream.

83. The power producing system as defined in claim 69 or 72 wherein said low pressure compressor has a preferred pressure ratio of 2 to 2.5.

84. The power producing system as defined in claim 69 or 72 wherein said high pressure compressor has a preferred pressure ratio of 18 to 24.

85. The power producing system as defined in claim 72 wherein said low pressure compressor and said high pressure compressor have a combined preferred pressure ratio of about 50.

86. A power producing system as defined in claim 72 wherein the airflow is as low as 50 lb/sec or as high as 500 lb/sec.

87. A power producing system as defined in claim 72 wherein approximately 12 percent additional said reheat gas turbine work is realized by compression intercooling.

88. A power producing system as defined in claim 72 wherein said reheat gas turbine power output ranges from 15,000 KW to 200,000 KW with a preferred output being about 150,000 KW.

89. The power producing system as defined in claim 69 or 72 wherein for the same basic high pressure compressor design the mass air flow is increased above the normal mass flow encountered without intercooling.

90. The power producing system as defined in claim 89 wherein the greater mass air flow of said high pressure compressor produces more power output from said power turbine for the same said gas generator firing temperature and the same reheat firing temperature and the same overall pressure ratio.

91. The power producing system of claim 69 wherein said high pressure compressor discharge temperature is appreciably lowered providing said gas generator first combustor liner better cooling and improved $NO_x$ control.

JRR, July 9, 87

R \RKS

All claims have been revised and rewritten to overcome the objections raised by the Examiner and the rejections made under 35 U.S.C. 112. It is felt that the revised claims as now written are precise, They clearly point out what is distinctly claimed as the invention.

Independent claims 52 and 53 have been rewritten as independent claims 69 and 72 respectively to clearly separate the preamble from the inprovement in the Jepson format used. The cycle efficiency improvement is given in each claim 70 and 73 to carry weight for the dependent claims which refer to the combined cycle. Likewise, dependent claims 71 and 74 are written to include the combined cycle efficiency improvement.

Independent claims 69 and 72 only included the improvement of the twin spool gas generator with the ducting arrangement to and from the intercooler between the low pressure and high pressure compressor. This unique feature is new and not included in any of the cited patents. This Inventor believes that this is a patentable feature. Independent claim 70 and dependent claim 71 could possibly be included in claim 69 and similarly claims 73 and 74 could be included in claim 72. However, as broad a patent as possible is desired by the Inventor, and therefore, independent claims 69, 70, 72 and 73 are much preferred to adequately cover both the basic apparatus feature of the invention and the optimum incremental cycle efficiency resulting.

Independent claims 70 and 73 are based on the specifications and in particular Figures 9, 10,11 and 12. Figure 9 indicates that a combined cycle is under consideration. Figure 10 presents a model of the method used to calculate data for Figures 11 and 12. The inventive step relates to the overall high pressure ratio of 35 and 65 specifically to 40 to 60 of Figures 10, 11 and 12. It is the compressor intercooling and at the unexpected low intercooling ratio discovered where incremental efficiency peaks

ou' nd then falls off at lower ratios due to the intercooler pressure loss and at higher ratios due to excessive cooling loss which the Inventor believes is independently patentable. Nothing has ever been known about this peculiar effect which has been discovered by this inventor. The effect is accentuated by the higher overall pressure ratios involved when dealing with combined cycles where incremental efficiency of the intercooling work saved is reflected in overall combined cycle efficiency as given in Figure 14.

Because it is the compression intercooling which creates the efficiency peaking effect and work saved, the invention is equally applicable to high cycle pressure ratio simple cycle gas turbines and reheat gas turbines used for combined cycles. Therefore, claim 69 covers the simple cycle gas turbine, and claim 72 deals with the reheat gas turbine.

The Examiner's cited reference of the Industrial Gas Turbine Handbook and Directory was not included with the Examiner's Action. However, it is well known that there is one twin spool gas turbine, the GE LM5000, which operates at a 30 cycle pressure ratio. However, this unit is not intercooled; and further, the pressure ratios considered by this Inventor in subject application range from 35 to 65 which goes much farther than the LM5000 gas generator. Further, it is well known that two spool gas generators operate with independent rotational RPM. If this explanation is not sufficient for the intent of the cited document not furnished with the Action, the Inventor respectfully requests that the document be forwarded to him with the red markings so the Inventor may further respond.

Dependent claims 75 through 91 have placed further limitations to independent claims 69, 70, 72 and 73 as further limited by dependent combined cycle claims 71 and 74. For instance, claim 75 says that the gas generator of claims 69 or 72 must have a turbine inlet temperature of 2400°F to 2600°F and not just any inlet temperature. Claims 76 and 77 introduce steam cooling as a

li tation as substantiated by the specifications and Figure 5 identification numbers 198, 200, 126 and 128.

Dependent claim 78 places a limitation of 2100°F to 2400°F on the power turbine inlet temperature of claim 72. Claim 79 introduces the limitation of a condenser as does claim 80. Claim 81 places a limit by stating the intercooler coolant is to be condensate. Claim 82 indicates that the intercooler coolant is to be make-up water lost by the steam cooling. Claim 83 gives a limitation as the preferred low pressure compressor pressure ratio. Claim 84 gives the preferred high pressure compressor pressure ratio. Claim 85 gives the preferred overall pressure ratio limitation within the 35 to 65 bracket.

Claim 86 gives a restriction on the mass air flow. Claim 87 gives a restriction on the power output of the reheat gas turbine. Claim 88 refers back to claim 72 and gives a restriction of the power increase provided by the intercooling. Claim 89 introduces the useage of the same basic high pressure compressor design after intercooling as before intercooling. Claim 90 restricts the gas turbine to the same high pressure compressor design wherein the greater air mass flow produces more power for the same firing temperatures and pressure ratios. Claim 91 deals with the reduced high pressure compressor discharge temperature for improved combustor liner cooling and better $NO_x$ control.

The intent of the dependent claims is to use language such as "means" followed by "function" to alleviate the need for specific flow lines, ducts, boilers, condensers, etc. It is recognized that the schematic drawing of Figure 1 does not show the bottoming cycle. Also, it is noted in the Examiner's Action in his last sentence of page 5 that the various components of the bottoming cycle do not appear anywhere on the drawings. If allowable by the Examiner, Figure 1 can be modified to include the bottoming cycle to show these items. The combined cycle, including the bottoming cycle, is well known in the gas turbine art and has

be for some 20 years, and therefore, nothing new above what has been well established would be added. The words, "combined cycle" are internationally known as a cycle combining the gas turbine with the steam turbine. An addition to Figure 1 can be submitted to the Examiner for his approval if such submittal is permissable and if the wording of the claims do not, or cannot, overcome this deficiency. The inventor requests the advise and assistance of the Examiner in this regard in accordance with the U.S. Patent Laws.

Regarding the cited patents and rejections under 35 U.S.C. 103, the following comments are given by the Inventor:

Jung et al, No. 3,289,402, December 6, 1966

This patent shows an intercooled simple cycle gas turbine exhausting to a heat recovery boiler with the intercooler heat being integrated with the feedwater cycle. Such proposed cycles are well known. However, nothing is given in the Jung Patent specifications or shown in the drawings of this Patent about the improvement, discovered by the Inventor submitting this response to the Examiner's Action, that the intercooler pressure peaks at a rather low ratio for optimum gas turbine and combined cycle efficiency. Regarding the Jung Patent, the low pressure compressor pressure ratio would have to be higher than 1.8 to 3.2 to do much feedwater heating as the compressor discharge temperature would be far too low per Figure 10 of this Inventor's application. Further, the Jung patent does not have a concentric coaxial shafting arrangement with outlet and return ducts as an integral part of the integral gas generator.

Larrecq, No. 2,625,012, January 13, 1953

This patent shows an intercooled regenerative cycle gas turbine. Here again, nothing is given in the specifications and on the drawings of the Larrecq patent to place a limitation on the intercooler pressure and overall cycle pressure. When considering regenerative cycles, the intercooler pressure is optimized for both efficiency and output when the overall compression ratio is divided about equally. That is, the low pressure compressor

dis  irge pressure is about the square root of the overall compressor pressure, as is well known by those skilled in the art of gas turbines. For a low pressure pressure ratio of 3 the overall pressure ratio would have to be about 9. In the application of this Inventor being prosecuted, the overall pressure ratio ranges from 35 to 65 (a restriction in claims 69 and 71). Here lies a significant difference. Further, the coaxial concentric shafting of the integral gas generator is not considered..

Schutte, German, No. 975,151, August 17, 1961

The schematic drawings in this patent show an intercooled regenerative reheat cycle gas turbine with three stages of inter-cooling and two stages of reheat. The Schutte patent flow diagram only shows steam superheating as the high temperature part of the regenerator and as such is not really a full combined cycle as is commonly known and understood by those knowledgeable in gas turbines and combined cycles. This cycle is a hybrid cycle. There is nothing said in the Schutte Patent about the pressure ratios of the compressor. Further, the Schutte diagram shows that the intercooler heat is rejected by intercooling water from lines 32 in and 39 out. There would be considerably more heat rejection with three inter-coolers than with only the one which is being proposed and optimized in the application under prosecution. The optimization of this Inventor's application under prosecution comes about by limiting the heat rejection compared to the compression work saved in the process and the specific apparatus proposed to accomplish this goal knowing that no intercooling produces the highest combined cycle efficiency. This latter statement is now quite well established in the art and understood by the experts. No coaxial concentric shafting for an integral gas generator is proposed by Shcutte.

Reheat gas turbines have been known for years and this fact is acknowledged in several of the responding Inventor's U.S. Patents, namely: No. 4,272,953, No. 4,314,424, No. 4,384,452, No. 4,438,625, and No. 4,507,914 - to mention a few.

Fl--cher, No. 2,748,566, June 5, 1956

The flow diagram of this Fletcher Patent shows an intercooled regenerative cycle gas turbine. Nothing is said in the specifications about the intercooler pressure or the overall cycle pressure ratio. Optimization of intercooling for maximum efficiency takes place at about the square root of the overall cycle pressure for the regenerative cycle as mentioned before. The intercooled regenerative cycle is in conflict with the intercooled cycle for the combined cycle which has been taught by the Inventor responding in this prosectution in his pending application. Nothing is said in the Fletcher Patent about coaxial concentric shafting of an integral gas generator.

Blackwell et al, No. 2,722,802, November 8, 1955

This patent covers a twin spool co-axial concentric drive gas generator jet engine and is not intercooled. No provision for intercooling ducting has been contemplated. This arrangement is well known but not pertinent to the intercooled cycle of this Inventor's invention under prosectution. Nothing is said about pressure ratios in the Blackwell Patent.

Sens, No. 2,645,412, July 14, 1953

Like the preceeding Blackwell Patent, the Sens Patent features a twin spool coaxial concentric shafting gas generator jet engine without intercooling connections and is not pertinent to this Inventor's invention. Nothing is said about pressure ratios in the Sens Patent.

Treager, Industrail Gas Turbine Handbook

A copy of this reference was not included with the Examiner's Action. However, there is only one known gas generator and gas turbine on the market today with a high cycle pressure ratio, and this is the GE LM5000 with a 30 cycle pressure ratio. The invention applied for by this Inventor contemplates cycle pressure ratios of 35 to 60. Further, the LM5000 has a firing temperature of only 2100°F whereas the gas turbine of this Inventor's application provides a firing temperature of 2400°F to 2600°F specifically with steam cooling. Higher rotational speed of the high pressure

compressor spool is not a deciding factor in the applicant's invention. Reference to the differences in rotational speeds of the low pressure and high pressure compressor spools have been dropped in revised claims 69 through 91.

The Examiner is referred to the prosecution of this Inventor's Application No. 572,548, which became U.S. Patent No. 4,592,201 issued June 3, 1986, for further arguments regarding the merits of this Inventor's present Divisonal Application now being examined.

It is believed that the Application as set forth by the revised claims 69-91 with independent claims 69, 70, 72 and 73 and the remainder dependent claims is now in proper form to be issued as a Patent. This Applicant's invention goes beyond what has been done in the past with intercooling and it advances the state-of-the-art of high cycle pressure ratio gas turbines. It is believed that the unique intercooler ducting of the twin spool gas generator with coaxial concentric shafting and the specific optimization of the low and high pressure ratios are not obvious and are inventive in nature and are, therefore, patentable.

Respectfully submitted,

Ivan G. Rice
Independent Inventor

P.O. Box 233
Spring, Texas 77383
Tel. (713) 353-5040

CERTIFICATE OF MAILING

This is to certify that on this date I deposited this correspondence with the U.S. Postal Service as first-class mail in an envelope addressed to the Commissioner of Patents, Washington D.C., 20231.

Ivan G. Rice
Date: July 9, 1987

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/818,472 | 01/13/86 | RICE I | |

IVAN G. RICE
P. O. BOX 233
SPRING, TX 77383

| EXAMINER | |
|---|---|
| CASAREGOLA,L. | |
| ART UNIT | PAPER NUMBER |
| 343 | 13 |

DATE MAILED:

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents and Trademarks

Responsive to Communication Filed 7/13/87.

The enclosed is a correct copy of a reference relating to the last Office action. The correction is indicated below.

THE PERIOD FOR RESPONSE OF 3 MONTHS SET IN SAID OFFICE ACTION IS RESTARTED TO BEGIN WITH THE DATE OF THIS LETTER.

☐ Part 1 - Correct Reference Citation

by ______________
Examiner

☒ Part 2 - Correct Reference Furnished:

— Industrial Gas Turbine Handbook & Directory

— Treager

by ______________
Reference Order Center

enc.

L. J. Casaregola
LOUIS J. CASAREGOLA
PRIMARY EXAMINER
ART UNIT 343

PTOL-316 (rev. 6/78)

erial No. 818472 -2-

Art Unit 343

Applicant's remarks indicate that two of the cited references, The Industrial Gas Turbine Handbook & Directory (pages 52 and 53), and Treager were not included with the last Office action. Copies of these references are therefore included herewith, and the 3 month response period is restarted as of the date of this letter to allow applicant an opportunity to modify or supplement his response.

L. CASAREGOLA:pks

703-557-3424

9-21-87

L. J. Casaregola

LOUIS J. CASAREGOLA
PRIMARY EXAMINER
ART UNIT 343

MAIL ROOM DEC 17 1987 PAT. & TRADE MARK OFF.

34C 041 9/23/87 Casaregola/wir.

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In Regard Application of: | ) | |
| Ivan G. Rice | ) | |
| Serial Number 818,472 | ) | Group Art Unit: 343 |
| Filed January 13, 1986 | ) | Examiner: L. Casaregola |

Entitled: COMPRESSION INTERCOOLED GAS TURBINE COMBINED CYCLE

Honorable Commissioner of
Patents and Trademarks
Washington D.C. 20231

RECEIVED GROUP 340 87 DEC 30 AM 7:25

Sir: AMENDMENT

This letter is submitted in response to the Patent Office Action mail-dated September 23, 1987. The Examiner is thanked for his action and the Inventor will respond hereby to the Examiner's Action. Action on the merits of the amended claims submitted July 9, 1987 is respectfully requested.

CITED REFERENCES

Comments are given on the two references not previously received which are (1) The Industrial Gas Turbine Handbook and Directory, 1976 (pages 52 and 53); and (2) Treager, "Aircraft Gas Turbine Engine Technology", 1970 (page 28).

The Industrial Gas Turbine Handbook and Directory:

The cited references which are underlined in red indicate that both the Curtiss-Wright Company and the GEC (UK) Company offered a gas turbine generator set based on the General Electric LM5000 gas generator. This gas generator is a twin spool design that develops a 31 cycle pressure ratio as indicated in the tabulation. The GE LM5000 has been previously referred to by this inventor in previous correspondence.

1A Neither the Curtiss-Wright nor the GEC units incorporate intercooling between the low pressure and high pressure compressor. The intercooler adapted to the specific shafting, compressor and turbine arrangement is unique and not here before known or

contemplated. The intercooler allows the twin spool compressor develop pressure ratios noteably above the 31 given in the two referenced offerings. The revised claims 69 and 72 each spell out the difference of the intercooler and claims 70 and 73 each give the low pressure compression ratio required and the overall compression ratio of 35 to 65. Nothing in the two referenced offerings suggest this high cycle pressure range or the benefits derived from my invention applying the intercooler to such an arrangement and cycle pressure ratios.

14

Treager, "Aircraft Gas Turbine Engine Technology":

It is acknowledged by the inventor that for many twin spool gas generators the high pressure compressor spool operates at a higher speed than the low pressure compressor as indicated in Figures 2-18, page 28 of the cited reference. However, this reference does not suggest intercooling between the low pressure compressor and the high pressure compressor. Further, the cited overall cycle pressure ratio is only 17 and not 35 to 65 as claimed by the inventor which is made possible by the unique intercooler arrangement of the two spool gas generator. Also, it can be noted from Figures 2-18 and cutaway of section (b) that the low pressure compressor has some six stages. The fan portion has only two stages which develop a two pressure ratio. The remaining four compressor stages boost the pressure to perhaps 4.5 atmospheres which is well above the low-pressure pressure-ratio range required for my invention.

It is believed that the Application as set forth by the revised claims 69-91 with independent claims 69, 70, 72 and 73 and the remainder dependent claims is now in proper form to be issued as a Patent. This Applicant's invention goes beyond what has been done in the past with intercooling and it advances the state-of-the art of high cycle pressure ratio gas turbines. It is believed that the unique intercooler ducting of the twin spool gas generator with coaxial concentric shafting and the specific optimization of the low and high pressure ratios are not obvious and are inventive in nature and are, therefore, patentable.

Respepectfully submitted,

Ivan G. Rice
Independent Inventor

P.O. Box 233

Spring, Texas 77383

Tel. (713) 353-5040

CERTIFICATE OF MAILING

This is to certify that on this date I deposited this correspondence with the U.S. Postal Service as first-class mail in an envelope addressed to the Commissioner of Patents, Washington D.C. 20231.

Ivan G. Rice

Date: December 14, 1987

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 06/818,472 | 01/13/86 | RICE I | 1,258 |

IVAN G. RICE
P. O. BOX 233
SPRING, TX 77383

| EXAMINER | |
|---|---|
| CASAREGOLA,L | |
| ART UNIT | PAPER NUMBER |
| 343 | 15 |

DATE MAILED: 03/31/88

This is a communication from the examiner in charge of your application.

COMMISSIONER OF PATENTS AND TRADEMARKS

☒ This application has been examined ☒ Responsive to communication filed on ~~12/17/87~~ 7/13/87 ☒ This action is made final.

A shortened statutory period for response to this action is set to expire 3 month(s), ~~days~~ from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

Part I THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449
4. ☐ Notice of informal Patent Application, Form PTO-152
5. ☐ Information on How to Effect Drawing Changes, PTO-1474
6. ☐ ______

Part II SUMMARY OF ACTION

1. ☒ Claims 67-81 are pending in the application.

   Of the above, claims ______ are withdrawn from consideration.

2. ☐ Claims ______ have been cancelled.
3. ☐ Claims ______ are allowed.
4. ☒ Claims 67-81 are rejected.
5. ☐ Claims ______ are objected to.
6. ☐ Claims ______ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings which are acceptable for examination purposes until such time as allowable subject matter is indicated.
8. ☐ Allowable subject matter having been indicated, formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on ______. These drawings are ☐ acceptable; ☐ not acceptable (see explanation).
10. ☐ The ☐ proposed drawing correction and/or the ☐ proposed additional or substitute sheet(s) of drawings, filed on ______, has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed ______, has been ☐ approved. ☐ disapproved (see explanation). However, the Patent and Trademark Office no longer makes drawing changes. It is now applicant's responsibility to ensure that the drawings are corrected. Corrections MUST be effected in accordance with the instructions set forth on the attached letter "INFORMATION ON HOW TO EFFECT DRAWING CHANGES", PTO-1474.
12. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. ______; filed on ______.
13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

Claims 70, 71, and 73-91 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

Claims 70 and 73 are dependent claims which applicant attempts to make depend from the preambles of respective parent claims 69 and 72. This arrangement is highly improper and renders the claims indefinite as to scope. To reiterate what was previously stated in the Office action of 10/30/86, under 35 USC 112, a dependent claim incorporates all the limitations of its parent claim. A dependent claim thus cannot be made dependent on only a portion of its parent claim as applicant attempts to do with claims 70 and 73.

A number of points raised under 35 USC 112 with regard to original claims 52-68 are also equally applicable to applicant's new set of claims. The new claims are still replete with language stating desired values for operating parameters or performance goals and other functional material that has no basis in terms of positively claimed structure. Many of the claims recite preferred values or ranges of values for operating parameters such as compression ratio, air flow rate, turbine inlet temperature, steam conditions, etc. A number of the claimed values appear to be within the limits of existing gas turbine systems. To the extent however that applicant is relying on such items to define patentable novelty, they are totally inappropriate since

there are no claimed structural features that would render the inventive gas turbine system any more capable of meeting the desire performance figures then structurally similar prior art systems.

In his remarks, applicant argues that his intent is to use means-plus-function limitations in lieu of claiming specific structure (see paper of 7/13/87, page 9, last paragraph). Most of applicant's claims however do not recite any "means". For example, claims 75, 78, and 83-88 simply state numerical values for component performance goals but fail to add any "means" or other structure that would render the claimed apparatus capable of actually meeting such goals. Unless a claimed performance level for a given parameter is typical for existing gas turbine equipment, the claimed performance level must be based on claimed "means" or other, more specific structure recited over and above a nominal reference to general gas turbine components. For instance, if the claimed performance goal is a compression ratio which applicant alleges to be unusually high, than he must reasonably claim some unusual compressor design feature that would account for such performance. This feature could be claimed specifically or claimed as a "means" which is readable on a specific feature of the disclosed embodiment. The claims at issue however recite neither specific structure nor appropriate "means".

It is further noted that while a few of the claims

at issue do recite various "means", these are of such a nature that they cannot actually perform the corresponding claimed functions. Claim 81 for example recites intercooler "heat exchange means whereby the coolant is condensate from said condenser means". By any reasonable definition, the claimed "heat exchange means" must be limited to structure in and about the intercooler and cannot encompass a link with a normally unrelated system such as the condenser of a steam power cycle. Additional specific structure or "means" connecting the intercooler heat exchange means and the condenser means is required, but the claims clearly fail to include such a feature. Furthermore, as indicated above, claimed means must be readable on specific structural features or elements in the preferred embodiment of the invention. In ~~the~~ this instance, the preferred embodiment, as disclosed in conjunction with the various drawing figures, does not include any structure that is actually readable on boiler, condenser, and other means necessary to meet claimed functional requirements.

The various instances of inadequately supported functional limitations, as discussed above, are merely exemplary and not exhaustive. Further examples of such language include the werein clauses in lines 6-14 of claims 70 and 73, and in lines 3-7 of claims 76 and 77.

The claims also include a number of expressions which lack proper antecedent basis. These include, for example, "said simple cycle gas turbine" in claim 71,

"said reheat gas turbine" in claim 74, and "said gas generator combustor" in claim 75.

Claims 69, 71, 72, 74, 75, 78-81, and 83-91 are rejected under 35 U.S.C. 103 as being unpatentable over any of Jung et al, Larrecq, or Schutte in view of Sens or Blackwell et al, and optionally with further reference to the Industrial Gas Turbine Handbook and Treager. A complete discussion of the three primary references along with the Handbook material and Treager is set forth in the Office action of 5/15/87, and this discussion is incorporated herein by reference. Note that the rejection of any claims specifically reciting a reheat combustor relies mainly on Schutte (see reheat combustor 16) as opposed to the other primary references.

With regard to the new references to Sens and Blackwell, further comment is in order. In applicant's latest set of claims, the twin spools of his gas generator system are arranged to be driven by concentric shafts. The individual turbocompressor spools in the primary references are not shown as being arranged in this fashion. It is emphasized however that with the exception of Larrecq, these references are primarily directed to the fluid and thermodynamic relationships of power plant components rather than their physical arrangement within a plant. The arrangements shown are merely convenient schematics. The component arrangement used in an actual plant is a matter of design choice

that would typically be influenced by plant space limitations and the configuration of the more commonly available equipment. Both of these considerations would obviously lead one skilled in the art to favor a concentric shaft arrangement. Such an arrangement makes the most convenient use of plant space. Furthermore most stationary gas turbines are derived from aircraft engines which conventionally use concentric shaft systems as evidenced by Sens and Blackwell. Arranging the twin spool gas generators in the primary references to be driven by concentric shafting thus permits convenient use of readily available equipment.

As concerns the Larrecq patent, Figure 3 does appear to suggest a drive arrangement not employing concentric shafts. For reasons pointed out above, however, it is still believed that one skilled in the art would favor a concentric shaft arrangement as more practical than the one actually shown in the patent.

Claims 76, 77, and 82 are rejected under the judicial doctrine of obvious double patenting over the claims of applicant's patent(s) 4,314,442 and/or 4,545,197 taken in conjunction with the prior art cited above. The steam injection feature recited in claims 76, 77, and 82 is the subject of claims in applicant's prior patents. This feature moreover is obviously applicable to gas turbine systems of the type disclosed in the other cited references.

With regard to the double patenting rejection set

forth above, it is noted that the applications which ultimately issued as applicant's prior patents were subjected to a number of restriction requirements. It is further noted however that the claims under consideration here are essentially different from those involved in the restriction requirements. Applicant's prior patents can thus be properly applied as references in this instance.

Applicant's arguments concerning the cited prior art have been considered but are not effective in overcoming the rejection. Applicant's basic position is that none of the references disclose a gas turbine with the inventive combination of an intercooler, specific pressure ratios, and concentric shafting. It is submitted however that the gas turbines in the primary references all include intercoolers, and for reasons pointed out above, could obviously be arranged to employ concentric shafting.

As concerns the requirement for specific pressure ratios, it is emphasized that most of the claims do not recite such limitations, consequently, the prior art relied upon to reject these claims need not disclose such details. The claims that do make reference to specific pressure ratios do so purely in terms of functional language, and as noted above, lack any structure that would provide adequate support for the claimed functions. Such purely functional language carries little weight and cannot be relied upon to define over

prior art that is structurally similar to the subject invention.

With regard to the Schutte patent applicant additionally argues that the system disclosed is not a "full combined cycle". This point is disputed. The expression "combined cycle" is sufficiently broad to read on any power plant in which the heat rejected in one power cycle is added to working fluid in another power cycle. Schutte's system clearly falls within this category. Moreover, whatever applicant may mean by a "full combined cycle", there is certainly nothing in the claims that distinguishes his cycle from that of Schutte.

Applicant further argues that Schutte uses three intercoolers, whereas, the instant invention uses only one. This line of argument however is irrelevant since there is nothing in the claims that actually precludes the use of more than one intercooler.

With regard to the secondary references, Sens, Blackwell, Treager, and the Industrial Gas Turbine Handbook, applicant argues that none of these cover intercooling features or pressure ratios equivalent to those of the instant invention. These references however were never relied upon as disclosing intercooler systems -- such material is fully covered in the primary references. Furthermore, only the Handbook was relied upon for information on pressure ratios. As applicant indicates, his minimum pressure ratio of 35 is somewhat

higher the pressure ratio of 31 designated in the Handbook. It must be remembered however that the handbook data pertains to equipment that was actually in production 12 to 15 years ago. It is well established that since the invention of the gas turbine, there has been a steady upward trend in pressure ratios. Thus at the time applicant made his invention, any engineer attempting to design the next generation of gas turbines would typically seek to increase existing pressure ratio limits as part of the normal evolution of the device.

This action is final.

L. CASAREGOLA:dk
703 557-3424
5-20-88

L. J. Casaregola
LOUIS J. CASAREGOLA
PRIMARY EXAMINER
ART UNIT 343

TO SEPARATE, HOLD TOP AND BOTTOM EDGES, SNAP-APART AND DISCARD CARBON

FORM PTO-892 (REV. 3-78)

U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE

NOTICE OF REFERENCES CITED

SERIAL NO. 878472 / 257076

GROUP ART UNIT 343

ATTACHMENT TO PAPER NUMBER 15

APPLICANT(S) I. Rice

U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | A | 4314442 | 2/9/82 | Rice | 60 | 3205 | |
| | B | 4545197 | 10/8/85 | Rice | 60 | 3205 | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS | PERTINENT SHTS. DWG | PERTINENT PP. SPEC. |
|---|---|---|---|---|---|---|---|---|---|
| | L | | | | | | | | |
| | M | | | | | | | | |
| | N | | | | | | | | |
| | O | | | | | | | | |
| | P | | | | | | | | |
| | Q | | | | | | | | |

OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

EXAMINER L. J. Casaregola DATE 5/12/88

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05 (a).)

G 000352