# EXHIBIT L

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IVAN RICE | : | DOCKET NO. 6:05CV330 |
| | : | |
| VS. | : | TYLER, TEXAS |
| | : | APRIL 3, 2007 |
| HONEYWELL INTERNATIONAL | : | 9:00 A.M. |

SUMMARY JUDGMENT HEARING
BEFORE THE HONORABLE JOHN D. LOVE,
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

FOR THE PLAINTIFF:

MR. DOUGLAS ELLIOTT
MR. AARON PERKINS
PATTERSON & SHERIDAN, LLP
3040 POST OAK BLVD. SUITE 1500
HOUSTON, TEXAS 77056

MS. DEBORAH RACE
IRELAND, CARROLL & KELLEY
6101 S. BROADWAY, SUITE 500
TYLER, TEXAS 75703

MS. ELIZABETH DERIEUX
BROWN MCCARROLL
1127 JUDSON ROAD, SUITE 220
LONGVIEW, TEXAS 75606

MR. ROBERT C. BUNT
PARKER, BUNT & AINSWORTH
100 E. FERGUSON, SUITE 1114
TYLER, TEXAS 75702

the -- none of these engines, none of these turbo machinery engines are formed of a single casting.

Just because Hull is not concerned with how it's fabricated, how the engine is fabricated, it doesn't show that level of detail, it doesn't change the nature of the casing in Hull relative to the casing in the Type 45 WR-21.

THE COURT: All right. I think -- why don't we move on to the next issue, the counterflow.

MR. RICE: Could we have a brief recess while I try to get the machinery working here?

THE COURT: All right. Let's take a brief recess, say five minutes, just to give you a chance to see if we can get the technical issues ironed out. We'll be in recess for five minutes.

(Recess.

THE COURT: All right. Any luck on the --

MR. RICE: No, Your Honor. We're going to have to do this the old fashioned way.

THE COURT: That's all right. We've got the slides so that's good.

MR. RICE: I wanted to ask Your Honor again, though, whether in the confusion with the projector and the slide whether I managed to stumble out an answer responsive to Your Honor's question. It seemed to me that perhaps the Court's question was going more to the shape.

THE COURT: Well, no. Let me ask the question again. I wanted to bring this up briefly and then we need to move on to the next limitation.

The Court's claim construction says that the heat exchanger is located outside the casing containing the low and high pressure compressors. It does not say it is located outside the engine casing. That seems to be where -- what we're talking about here is engine, the casing housing the engine.

You know, as I see it in the WR-21 drawings -- well, explain to me why there's not a casing in the profile that contains the low and high pressure compressors that the intercooler is external to.

Granted, you may have -- you know, you've drawn the red line, but the Court didn't say it had to be external to the engine casing. It said it had to be external to the low and high pressure compressors. You've got ducting here going from the compressor to the intercooler, so that leads one to think that it's external to the compressor. So respond to that.

MR. RICE: Well, it does go back to interpretation of what the Court meant by --

THE COURT: Well, the Court said located outside the casing containing the low and high pressure compressors.

MR. RICE: So does that casing contain both

compressors or are we talking about separate casings for each compressor? Because I thought the Court was fairly clear in looking at the Hull prior art reference that if you looked at the individual casings for the low and high pressure compressors, the intercooler would be outside of those individual compressor housings also.

So -- but by definition or through the prosecution history we see that the intercooler in Hull is not outside of the high pressure and low pressure compressor casings in Hull, so we're not -- we can't be talking -- this is why we interpreted casing as we did, Your Honor, in the decision is that the Court moved right from discussing -- well, earlier it had discussed Price in terms of its engine casing and then the Court discussed Hull in terms of its engine casing. Both the reference and the Court's decision refer to that casing as an engine casing.

Then we move right from that discussion to the claim construction, which Your Honor indicates uses simply the word "casing". But we saw that as -- we saw the words containing the compressors as indicating that it has to be a casing that contains the compressors as there is in Hull.

And so the WR-21 has such a casing and it seemed reasonable to us to understand that construction to mean that the Court was, at least as applied to the WR-21, would be talking about an engine casing. Maybe as applied to some

other engine somewhere else, the term "engine casing" wouldn't be the appropriate term to use.

That's all we saw. We thought the Court was using a more general term. But, nevertheless, a term that was meant to connote that this casing has to contain the high pressure and low pressure compressors both. Otherwise, what we have is a situation where the individual casings in Hull would somehow render the Hull intercooler outside the casings, and it's not. I mean, Ivan Rice distinguished it on the basis that it did not -- Hull did not have an externally mounted --

THE COURT: Well, if the Court had meant contained -- wouldn't it say contained in both, the casing containing both the low and high pressure compressors?

MR. RICE: Well, it could have. I mean, that would have made it clearer certainly. On the other hand, it says the casing containing. It doesn't say each other. The casing -- you know, each of the casings containing the low and high pressure. I mean, that's the issue.

So if we -- if I respectfully can open up the claim construction then, Your Honor, then we would point out that looking at the individual casings or looking to the section of the casing over each compressor doesn't work to distinguish Hull. In other words, we have to look at something that encloses the intercooler in Hull because it

has an internal intercooler. It does not have an external intercooler. That's what was distinguished.

So the only thing that one can look at in Hull is the engine casing, and that's why Rolls Royce felt sure that it was interpreting that term "casing" correctly as used in the claim construction because the Hull casing does contain both compressors and it also contains the intercooler, just like the WR-21.

THE COURT: All right. Let's move on to the next term.

MR. RICE: Your Honor, if I could ask you to turn to the notebook. Like I say, we'll have to do it the old fashioned way. Sometimes that's the best way anyhow.

So the term we are dealing with is what's been called the counterflow limitation and it's shown on slide 2A. I guess I'll still call them slides. The Court's construction is on slide 2B, and it's the construction that was proposed by Rolls Royce during claim construction. The air flow and the coolant through the intercooler flowing in thermal contact and in opposite direction through a heat exchanger so that the temperature of the air flow closely approaches the temperature of the coolant at its inlet to the intercooler.

The only thing -- I said it's the same as Rolls Royce had proposed, but the Court did insert an additional term