# EXHIBIT M

Practising Law Institute

Intellectual Property Law Library

# Landis on Mechanics of Patent Claim Drafting

Fifth Edition

Robert C. Faber

*This work is designed to provide practical and useful information on the subject matter covered. However, it is sold with the understanding that neither the publisher nor the author is engaged in rendering legal, accounting or other professional services. If legal advice or other expert assistance is required, the services of a competent professional should be sought.*

## QUESTIONS ABOUT THIS BOOK?

If you have questions about replacement pages, billing or shipments, or would like information on our other products, please contact our **customer service department** at (800) 260-4PLI.

For library-related queries, **law librarians** may email: libraryrelations@pli.edu.

For any other questions or suggestions about this book, contact PLI's **editorial department** at: editorial@pli.edu.

For general information about Practising Law Institute, please visit **www.pli.edu**.

Copyright © 1986, 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2001, 2002, 2003 by Practising Law Institute. All rights reserved. Printed in the United States of America. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form by any means, electronic, mechanical, photocopying, recording, or otherwise, without the prior written permission of Practising Law Institute.

Library of Congress Catalog Card Number: 93-83371
ISBN 0-87224-054-1

**Summary**

*Connect the claim elements structurally, as required to make up a complete and operable combination. Use relatively broad words of connection where the prior art permits.*

## § 3:21 Functional or Operational Expressions

A functional limitation attempts to define something by what it does rather than by what it is, that is, its structure or ingredients. Functional language does not render a claim improper.[112]

In addition to the structural cooperation, it is good practice also to specify the functional or operational cooperation between the elements, where this can be done without unduly limiting the claim. When this is done, the claim not only tells what the parts are and how they are mechanically interconnected or associated, it tells how they function together and operate on the workpiece to accomplish the result stated in the preamble.[113] A functional limitation is evaluated like any other for what it fairly conveys to a person of ordinary skill in the art.

Functional or operational connectives in Claim 1 are such expressions as "for the articles" in clause (a), "to support the container for oscillating movement with respect to the base" in clause (c), and "to shake the articles" in clause (d). Examples in MPEP section 2173.05(g) include: "incapable of forming a dye within . . ."; "members adapted to be positioned. . . ."

Try to make each independent claim a complete, self-contained unit, comprehensible by itself. The connectives enable that.

The reader may have heard statements disparaging functional expressions, and may wonder if they should be avoided altogether. The answer is—definitely no! When properly used, statements of function or operation are usually welcomed by the Patent and Trademark Office. When not used to excess or to introduce unnecessary limitations into the claim, they make the claim more definite and easy to understand without having to refer to the specification.

Most problems with so-called functional statements arise when an attempt is made to predicate patentability on a purely functional statement, or to present extremely broad claims.

There is never any objection to functional statements that merely set forth the movements, actions, or results that necessarily fol-

---

112. MPEP 2173.05(g); *In re* Swinehart & Sfiligoj, 439 F.2d 210, 169 U.S.P.Q. (BNA) 226 (C.C.P.A. 1971).

113. *In re Swinehart & Sfiligoj*.

low from the structure previously recited. Thus, in Claim 1, the capability of the container for oscillating movement follows once the double pivoted mounting of the container on the base has been stated. No magic words are necessary for functional statements. Such expressions as "so that," "for," "in order to" are typical. However, as paragraph 6 of section 112 of the statute says, means for accomplishing a function are structure claims, use of the preposition "for," as in [an article] "for" [accomplishing a function], is least likely to be an objectionable functional statement. The words "whereby" and "thereby" are often used, but have assumed stylized meanings described in section 3:23. Also, "means for" accomplishing a function clauses are very commonly used (section 3:25).

Some examples of straightforward, noncontroversial functional or cooperative statements:

> **a container *for* the articles . . .** ["for" is very commonly used] **to *support* the container *for oscillating movement* . . .**
>
> **a turntable** [element] **on which the barrel** [workpiece] **is mounted** [structural connection] ***for rotation therewith*** [cooperation or function] **. . .**
>
> **means for *reciprocating* the strand guide *so that* it moves . . . [in a stated way].** [means clauses are very common in stating cooperative relations (section 3:22)]
>
> **a pulse counter *responsive* to each pulse of current . . . *for counting* . . .**

There are many different forms for this. Some special forms will be covered in the following sections and further examples. As usual, and as with virtually *every word in the claim*, the scope should be checked carefully. Make sure every word is really needed, particularly in the broader claims.

Watch vague and indefinite statements of cooperation, particularly the phrase "adapted to," which is likely to be objected to by the examiner as "insufficient structure to support functional statement." MPEP section 2173.05(g) cites "adapted to" favorably by listing a precedent.[114] One precedent says "adapted for" is not a limitation[115] and one says it is a limitation.[116] But "adapted to" clauses were ex-

114. *In re* Venezia, 530 F.2d 956, 189 U.S.P.Q. (BNA) 149 (C.C.P.A. 1976).
115. *In re* Hutchinson, 69 U.S.P.Q. (BNA) 138 (C.C.P.A. 1946).
116. *In re* Laud & Rogers, 151 U.S.P.Q. (BNA) 621 (C.C.P.A. 1966).

pressly sanctioned by the court.[117] Alternatively, use a "means for" clause under the guidelines in section 3:25, below. In *Ex parte Roggenburk*,[118] the Board held that a functional expression, "sealingly engaging," was an improper function statement, but that a "means for" clause of exactly the same scope would have been all right.

**Summary**

*Relate the claim elements functionally to each other. That is, tell how the parts move or cooperate with each other to accomplish the overall result stated in the preamble. Tell the following things where applicable about each element:*

a. *What is it? (name, sections 3:3 and 3:7; and parts, section 3:14);*
b. *Where is it? (physical cooperation or location, sections 3:29–3:20);*
c. *What does it do? (sections 3:20–3:25.1); and*
d. *How does it do what it does? (sections 3:21–3:25.1).*

*Beware, however, of functional statements that make the claim overly broad (sections 3:22, 3:23, 3:25) or violate other rules, as by being vague and indefinite (section 3:11).*

## § 3:22 Claiming Desired Results; Overly Broad Functional Statements

MPEP section 2173.05(g) defines and also permits functional statements in a claim:

> A functional limitation is an attempt to define something by what it does, rather than by what it is (*e.g.*, as evidenced by its specific structure or specific ingredients). There is nothing inherently wrong with defining some part of an invention in functional terms. Functional language does not, in and of itself, render a claim improper. *In re Swinehart*, 439 F.2d 210, 169 U.S.P.Q. (BNA) 226 (C.C.P.A. 1971).
>
> A functional limitation must be evaluated and considered, just like any other limitation of the claim, for what it fairly conveys to a person of ordinary skill in the pertinent art in the context in which it is used. A functional limitation is often used in

117. *In re Venezia*.
118. *Ex parte* Roggenburk, 172 U.S.P.Q. (BNA) 82 (Board of Patent Appeals and Interferences 1970).