# In the United States Court of Federal Claims

No.  05-187 C

(Filed August 27, 2009)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IVAN G. RICE, | * |
|                Plaintiff, | * |
| | * |
|        v. | * |
| | * |
| THE UNITED STATES, | * |
|                Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

This order addresses plaintiff's Motion to Clarify the "flow areas" portion of the Claim Construction Order reported at *Rice v. United States*, 84 Fed. Cl. 575 (2008).

Plaintiff requests that the reported order be supplemented to contain a ruling as to whether the phrase "a predetermined operating condition of the intercooler," (84 Fed. Cl. at 581) is limited to the design point of the engine.  As stated previously, the claim construction of patent '499, as set forth by the magistrate judge in *Rice v. Honeywell International, Inc.*, 2006 WL 3420247 (E.D. Tex., Nov. 21, 2006), was considered, and after independent review, was determined to be correct.  This construction is utilized in the present proceeding.  The district court ruled that the magistrate judge's construction "[is] only reasonably interpreted to mean a single, particular operating condition." *Rice v. Honeywell Int'l, Inc.*, 494 F. Supp. 2d 487, 495 (E.D. Tex. 2007).  This was premised upon the disclosure in the '499 specifications that the invention described is premised on the intercooler being sized to effect a specified exit temperature under specified environmental conditions for a particular approach temperature.  Reference is made to specification column 16, lines 54-57 and column 9, lines 16-26 (showing application of the design rule based upon a predetermined operating condition of the intercooler).  It is likely that the particular operating condition is "predetermined" at the design point of an apparatus disclosed by the '499 patent.  This is because the structure of such an apparatus will be sized to include a direct proportioning of the high pressure compressor (HPC) inlet flow area ($A_{HPC}$)  and the low pressure compressor (LPC) outlet flow area ($A_{LPC}$) together with inverse proportionality of the HPC inlet flow area based on the ratio of the

absolute temperature of the air flow at the cross-sectional area of the air flow outlet of the LPC ($T_{LPC}$) divided by the absolute temperature of the air flow at the cross-sectional area of the air flow inlet of the HPC ($T_{HPC}$).  This sizing assumes a single, particular operating condition of the intercoolers to obtain the $T_{LPC}$ and the $T_{HPC}$.  The structure of the apparatus, as taught by the '499 patent remains unchanged during its operation.

However, it is possible that further proceedings could produce a relevant $T_{LPC}/T_{HPC}$ resulting from the single, particular operating condition of an intercooler which was not "predetermined" at the design point.  Accordingly, "design point" is not included in the applicable claim construction, but remains as an issue for possible resolution, if necessary, during proceedings relating to the infringement.

Plaintiff also requests that the claim construction order be supplemented by defining $T_{LPC}$ and $T_{HPC}$ in terms of the range of temperatures an intercooler is known to be capable of receiving and discharging while an apparatus is producing power and adding that the temperatures must exist simultaneously.  This construction is contrary to the concept of a design rule.  As noted by the magistrate judge in the Texas proceeding on the '499 patent, *Rice v. Honeywell International, Inc.*, 2006 WL 3420247 at 10*:

> The parties dispute whether satisfaction of the relationship of AHPC ALPC / (TLPC/THPC) is to be evaluated while the system is producing power (Rice) or whether it is evaluated as a design rule (RR). Claim 1 is clearly directed to apparatus and not a method. Thus, the focus is on the structure of the power producing system and not on any sequence of steps conducted by a system in producing power or attaining a particular operating condition. More specifically, the claim limitation concerns defining the relationship of the structures of the low and high pressure compressors as to the size of the outlet and inlet flow areas, respectively. The structure is thereby established and does not change during operation of the system while producing power.

The '499 specifications demonstrate that the claim language is not drawn to capability of an intercooler. *See Ball Aerosol and Specialty Container, Inc. v. Limited Brands, Inc.*, 555 F.3d 984, 994-95 (Fed. Cir.  2009).  Rather, for "optimum efficiency" the intercooler is sized to effect a specified exit temperature under

specified environmental conditions for a particular approved temperature. *See* '499 Specifications, col. 16, lines 54-57.

Accordingly, it is concluded that no valid basis has been shown for a supplementation of the claim construction order at this point in the proceedings and it is **ORDERED** that Plaintiff's Motion to Clarify is **DENIED**.


s/ James F. Merow
James F. Merow
Senior Judge